TRUSTEES OF HOBART COLLEGE *v.* FITZHUGH *et al.,* Executors of Allen Ayrault.

Legacy to a college, payable in two years, provided within one year it performed certain conditions. The question whether the condition has been performed does not, until the expiration of the two years, raise a controversy capable of being submitted without action, under section 372 of the Code.

The parties asking the court to determine, before the expiration of a year, whether certain admitted facts amounted to a performance of the condition by the legatee, and if not, what further acts were required, no judgment can be given except one dismissing the case.

Such a case cannot be entertained as one for the construction of a will, until the expiration of the time for performing the condition, nor without all the parties to be affected, as residuary legatees, next of kin, &c., uniting in the submission.

APPEAL from the Supreme Court. The parties united in a written statement of facts, setting forth, among other things, a clause in the will of Allen Ayrault, deceased, in which, after reciting that the trustees of Hobart College were engaged in efforts to raise money to enlarge its sphere of action, "upon the condition that the sum of $40,000 shall, within the period of one year from the time of my decease, be raised for the purpose of endowing two professorships in said college, and paying the debts of said college," the testator bequeathed to Hobart College the sum of $20,000, "to be paid within two years from the time of my decease, for the purpose of founding and permanently endowing an agricultural professorship." The testator died February 4, 1861. On the 30th November, 1861, the parties submitted their statement to the Supreme Court, at general term, in the seventh district, and asked the court to determine whether the action of the trustees of the college, in raising a subscription of $60,000 for the uses of the college, had satisfied the condition of the bequest; if not, what further sum the college was required to raise; whether the sum of $40,000 was required to be raised after the testator's death, in addition to, and independently of, the effort to raise $60,000 (which provided for other objects than professorships and the payment of debts; the building of a chapel and the endowment of a chaplaincy, among other things), which was known to the testator, to which he had himself subscribed (and his executors paid) $10,000, and which, it was argued, was the effort referred to in the will; and, finally, other questions were submitted relating to the same matter.

The court decided that $40,000 must be raised within a year from the testator's death, for the specific endowing two professorships and paying debts, and that the money paid on the subscription for $60,000 should be applied as part of the $40,000, except sums amounting to $34,500, which had been subscribed for other specific objects, chapel, chaplaincy, scholarships, &c. Judgment was entered accordingly, and the executors, who called themselves defendants, appealed to this court.

*Scott Lord,* for the appellants.

*E. G. Lapham,* for the respondents.

MARVIN, J. At the time this case was submitted to the court, and when it was decided, the $40,000 contemplated by the will had not been raised or secured by gift, subscription or otherwise. Again, two years had not elapsed from the decease of the testator, and his bequest was not payable until that time. The trustees, called the plaintiffs, had no cause of action, and I am not able to see how any judgment, other than for the defendants, without prejudice to an action at the right time, could have been rendered.

The case is not within the provisions of § 372 of the Code. There was no question in difference which might be the subject of a civil action. Under no circumstances could the college have any action until the lapse of two years after the death of the testator. Nor could the parties to this action be parties to a question in difference, which might be the subject of a civil action in favor of the college. The only demand the college would ever have, would be a demand or claim for the $20,000 legacy, and the case shows that this could not be due prior to February 4, 1863, and this case was heard and decided long before that time. There could never be any question in difference as to the amount of the legacy or its time of payment, and none is made in this case. Nor could there be any question in difference touching the performance of the condition upon which the right of the college to the legacy depends, until after the lapse of one year from the death of the testator, for the college had this one year within which to perform the condition. The college is regarded in this case as the plaintiff or claimant, and is so styled in the case, and, as plaintiff, asks the court whether it has satisfied the conditions of the bequest, by raising the $60,000 in the manner and for the uses specified, and whether the college is not thereby entitled to receive the bequest at the time when it is payable, by the terms of the will. It does not ask the court to decide that it is entitled to the legacy, to render judgment for it, but to say

whether it will be entitled to it at the time it may become due. In short, the court is asked its opinion whether the college had already done enough to entitle it to the legacy when it should become due, and if not, then what must the college do more, to satisfy the condition in the will and entitle itself to the bequest. In short, no judgment is demanded, nor could any be rendered upon the facts stated. The Code defines a judgment to be the final determination of the rights of the parties in the action. No right or rights are claimed in this case, and none existed. It was simply advice, opinion, counsel, that was desired from the court, and whether such advice, &c., should be sound or not, would be entirely immaterial, as it would bind no one, when a real question, which might be the subject of an action, should arise. By the Code the court is to hear and determine the case at a general term, and render judgment thereon as if an action were pending. The court is only authorized to render a judgment as if an action were pending. An action is the legal demand of one's right, or a proceeding for the enforcement or prosecution of a right, the redress or prevention of a wrong. The judgment may be enforced in the same manner as if it had been rendered in an action, and shall be subject to appeal in like manner. (Code, § 374.)

I am inclined to think that the case has been regarded mainly as a case to obtain the construction of a will. I am not aware that a legatee has ever been allowed to maintain an action for the purpose solely of obtaining a construction of a will. The legatee may sue for the legacy, and the question whether he is entitled will, of course, depend upon the will, and this may involve construction. But I apprehend that a legatee would not be permitted to maintain an action simply to ascertain the meaning of a will, in advance of the legacy being due, or without demanding judgment for the legacy. Executors, &c., may bring an action to obtain a construction of a will and the directions of the court, and I have no doubt such a case may be embraced by section 372. The parties to the question of difference, that is, the meaning of the will, are

all those who have any interest and whose rights may be affected by the construction put upon the will. This will usually include all the legatees and next of kin, and if rights to real estate are involved, the heirs and devisees, and perhaps the widow. In this case I have been inclined to regard the executors, as the moving party, the plaintiffs, but if this view could be taken, the question of a defect of parties would at once arise, and the provisions in section 122 of the Code, requiring the court, under certain circumstances, to cause the absent parties to be brought in, has no application to a case submitted to the general term, under section 372. The parties to the question of difference are to agree upon a case. A portion of them cannot agree upon a case and submit it to the court, and so give the court jurisdiction, under section 122, to cause the others to be brought in. No one can be made a party to the agreed case without his consent. Nor is it a case in which the court may determine the controversy between the parties before it, without prejudice to the rights of others, by saving their rights. How can the rights of the next of kin, or the residuary legatees, or perhaps other legatees, be saved? They would not be bound by the judgment, not being parties, and could, therefore, litigate the whole matter over again with the executors, who might be made personally liable, having paid this legacy to the college, or they might be insolvent.

Our attention, on the argument, was directed to section 113 of the Code, by which it is declared that an executor, &c., may sue without joining with him the person for whose benefit the action is prosecuted. This has no application in the case of an action to obtain the construction of a will and the directions of the court. Such action is not prosecuted for the benefit of any particular person. It is an action, in effect, against all the persons to be affected by the construction given to the will. The executor says: "I am in doubt about your rights, and I call you all into court that you may defend them, or have an opportunity to do so." It is not like an action against a debtor of the testator, to collect a debt, which, when collected,

will inure to the benefit of legatees and next of kin. Such actions are for the benefit of those interested in the estate.

But if we could regard this as. an action by the executors, and could also get over the objection of the want of parties, as I think was meant, a difficulty would still remain, arising under section 372. We have examined this section, regarding the college as plaintiff; and the like objection exists, if we regard the executors as plaintiffs, seeking a construction of the will. As we have seen, the question to be submitted must be such as might be the subject of a civil action, and upon which the court is required to render judgment as if an action were pending. In this case the facts to constitute the action would be stated, in short, by the executors, thus: the testator bequeathed to the defendant $20,000, payable within two years after his death, upon condition that the defendant should raise, for purposes specified, $40,000, within one year from his death; this time has not yet elapsed. The college claims it has raised the $40,000 for the purposes specified, and has fully performed the condition, and the facts upon which such claim is made are then set forth. The plaintiffs state that they are not advised or are in doubt whether such facts are sufficient to show that the $40,000 have been raised as required in the condition in the will, and demand the judgment of the court upon the question whether the condition has been performed. Now, suppose the defendant, the college, should demur, what judgment would the court render? The complaint would of necessity be dismissed, whatever view the court should take of the facts upon the question of the performance of the condition. If the court should hold that the condition had been complied with, it would still hold that the executors had no cause of action against the college, nor right to bring it into court, to compel its acceptance of the legacy, assuming, now, that the executors had a right to pay it prior to the expiration of two years from the death of the testator. Indeed, whatever construction may be put upon the will in this respect, the executors would have no right to pay until after a year from the time letters testamentary were granted. (2 R. S., p. 90, § 43.)

If the court should say, as it has said in this case, the condition has not been performed, and the college is not yet entitled to the legacy, what then? The college would answer, the time for performance has not expired; if we desire the legacy, the condition will be performed in time. The same remarks can be made touching the question as to what "two professorships" were intended by the testator. The college might say: we think he intended two professorships mentioned in our pamphlet, but if there is any doubt about this, we certainly have the right to raise the $40,000 for two other professorships within the year, and that time has not expired, and the executors have no right to assume that the $40,000 will not be raised in time, or to assume, in any form, that the college will not comply in time with the conditions upon which its right to the legacy depends. The position, in short, would be that the executors had no right to raise any of these questions, and bring the college into court, prior to the expiration of the time for performing the condition, and such position would be unanswerable. The same result would follow if the college should not demur, but answer. The difficulty is, that there was no controversy between the parties that might then be the subject of a civil action in which a judgment could be rendered. The facts agreed upon show conclusively that neither party had any cause of action, at that time, against the other, and it is not material which party shall be regarded as plaintiff. No judgment could be rendered other than a judgment for the defendant, dismissing the controversy or action, or rather case, without prejudice to the rights of the parties, in case there should be a controversy, &c., when the time for it should arrive. Such should have been the judgment of the Supreme Court, and the judgment rendered, if it may be called a judgment, should be reversed, and the proper judgment should be rendered by this court.

DAVIES and SELDEN, Js., expressed no opinion; all the other judges concurring,

> Judgment reversed and proceeding dismissed without judgment, and without costs to either party.