JOHN J. CORRY AND OTHERS *v.* E. C. FLEMING AND WIFE.

Where no trust is involved, and no advice or guidance to an executor or other trustee is required, parties claiming under or against a will can not maintain an action for the mere purpose of obtaining the court's opinion as to its meaning or legal effect.

ERROR to the Common Pleas of Greene county ; reserved in the District Court.

The original petition was filed by E. C. Fleming and his wife, Rachel Fleming, to obtain from the court a construction of the last will and testament of Matthew Corry, deceased, the father of said Rachel.   At the date of the will, which was some eight years preceding the testator's death, he was the owner of real estate situate partly in Ohio and partly in Iowa, and also the owner of some personal property.   By his will he gave one-third of his entire estate to his wife for life, and, subject to this life interest, devised

his real estate situate in Ohio to his three sons, giving to each a specified particular parcel thereof. To his daughter, the said Rachel Fleming, he gave a legacy of $2,000; to his daughter, Ann B. Allison, he gave a legacy of $1,200; and to two grand-daughters named he gave $400 each. The testator then provided, in *item* 10 of the will, as follows:

" If there be not enough to pay the above bequest to my two daughters, Ann B. Allison and Rachel Corry, and Hannah Collins' two heirs, then, in that case, Ann B. Allison shall have one thousand dollars and Rachel two thousand. Then, if there be not enough to meet this, then I require my sons, each one, to pay a proportionate part to make up this last specified amount. But, if there be a surplus, then this surplus is, to be divided equally between my daughters, Ann B. Allison and Rachel Corry."

After the execution of the will, the testator purchased lot No. 79, in the town of Xenia, and died seized thereof; and the petitioners allege that this lot was purchased with money which the testator owned at the time of executing the will, and that by its true construction the two daughters, Rachel Fleming and Ann B. Allison, are entitled, as residuary legatees, to any " surplus " of the estate that might remain after satisfaction of the other bequests and devises, and are, therefore, the owners of said lot No. 79. But there is no statement in the petition showing that the legacies mentioned in the will, or any or either of them, have been paid, or that there is sufficient property of the estate to satisfy them, without resorting to said lot No. 79. Neither does it appear that the said two daughters, or either of them, is in possession of the lot, or that the will in any way creates a trust. The prayer of the petition is : " That the court will examine into and construe said will in favor of said Rachel Fleming and Ann B. Allison *in equal proportions*, and for such other relief as equity and good conscience may require."

To this petition the defendants demurred, and, upon their demurrer being overruled, they filed an answer, which, in

substance, simply denies that said Rachel Fleming and Ann B. Allison own the lot in question—claiming that the same, being after-acquired property, was not devised by the will, but descended to the heirs. The case was heard upon the issue thus joined, and the court found that said Rachel and Ann B. were, under and by virtue of the will, the owners of said lot, and, thereupon, rendered a decree for *partition* thereof in equal moieties between them. On petition in error by the defendants the case was reserved in the district court for decision here.

*R. F. Howard*, for plaintiffs in error.

*Nesbitt & Martin*, for defendants in error.

WELCH, C. J. We think the court erred in overruling the demurrer to this petition. It makes no case for eliciting the opinion of the court upon the construction of the will. It is only in cases where a trust is involved, or where the duty of an executor, administrator, or other trustee is of uncertain nature, requiring the guidance or direction of the court, that the court can be called upon merely to give its opinion as to the true construction of a will. The plaintiffs do not state that they are in possession of the lot, and ask to have the title quieted. They do not complain that they are kept out of possession, and ask to recover the lot. Nor do they even aver that the lot is a part of the residuum of the estate—that is, that there is enough without this lot to satisfy the legacies. They make no case for any relief, beyond the mere opinion of the court, and they pray for nothing but that opinion. If they are right in their theory of the proper construction of the will, they make a *case*, as between themselves and one of the defendants, for partition of the premises; but they do not *ask* for partition. The petition simply sets forth a copy of the will, and asks the *opinion* of the court as to its effect upon this after-acquired property.

The judgment must be reversed, the demurrer to the petition sustained, and the cause remanded for further proceeding.                    *Judgment accordingly.*