Day, Chief Judge.
The case is a proceeding under section 495 of the code, providing for the submission of matters-of controversy to the court without action. The section is as follows: “ Parties to a question which might be the subject of a civil action, may, without action, agree upon a case containing the facts upon which the controversy depends,, and present a submission of the same to any court which would have jurisdiction if an action had been brought. But it must appear by affidavit that the controversy is real,, and the proceedings in good faith to determine the rights of the parties. The court shall, thereupon, hear and determine the ease, and render judgment, as if an action were pending.” The next section provides that “ The case; the-submission, and the judgment shall constitute the record;”' and the remaining section of the chapter provides that “■ The judgment shall be with costs, may be enforced, and *123 shall be subject to reversal in the same manner as if it had been rendered in an action, unless otherwise provided in the submission.”
It is obvious, from a reading of these provisions, that it was intended to provide for the submission of a real case-between the parties, in which a judgment settling the controversy could be rendered, and which would be a bar to a-future action for the same subject-matter, and afford the-ordinary relief obtained by a final judgment.
It was not- intended’ to provide for the submission of’ questions of law for the opinion of the court merely, without a case in which a judgment might be rendered, in-accordance with its opinion, legally determining the rights-of the parties.
It does not authorize the submission of questions in cases-that are merely anticipated, nor of cases where the facts are disputed. Nor was such submission intended to be-merely advisory as to the rights of the parties. It is rather a substitute for an action, and its effect upon the rights of the parties is the same as that of an action. It is a short and convenient mode for the final adjudication-of the case submitted.
The 495tb section of the code is a substantial transcript of the 372d section of that of New York. The courts of that state decline to act upon submissions under that section where the case made only propounds questions of law,, and does not state facts that will enable the court to render a judgment in determination of the controversy. In Williams v. The City of Rochester, 2 Lans. 169, it is said by the court: “ This purports to be a submission of a controversy, without action, under section 372 of the code of procedure. But the parties have apparently mistaken the-province and purpose of that provision of law. Its object is to enable parties, without resort to legal process or formal1 pleadings, to submit to the court, for its adjudication, some-alleged cause of action or claim for relief. The submission must be for an adjudication. A case must be presented in which a judgment may be rendered in favor of one and. *124 : against the other of the parties to the submission ; and the -case must indicate what judgment is asked for.” The case merely propounded questions of law upon a state of facts not warranting a judgment; thereupon the court say in ■conclusion: “ It is impossible for the court to render any judgment upon such a submission. The case must be dismissed, without costs to either party.”
In Hobart College v. Fitzhugh, 27 N. Y. 130, which was a submission under the New York code, that propounded questions of law respecting a controversy that had not ripened into an existing cause of action, the judge, in delivering' the opinion of the court of appeals in review of a judgment of the supreme court ,says of the case : “ It was simply advice, opinion, counsel, that was desired from the •court, and whether such advice should be sound or not, would be entirely immaterial, as it would bind no one, when a real question, which might be the subject of an action, should -arise. By the code the cou rt is to hear and determi ne the case, . . . and render judgment thereon as if an action were
pending. The court is only authorized to render a judgment .as if an action were pending. An action is the legal demand ■of one’s rights, or a proceeding for the enforcement or prosecution of a right, the redress or prevention of a wrong.” And further on he says: “ The difficulty is, that there was no controversy between the parties that might then be the •subject of a civil action in which a judgment could be rendered. No judgment could be rendered other than a judgment for the defendant, dismissing the controversy or action, or rather case, without prejudice to the rights of the parties, in case there should be a controversy, when the time for it should arrive. Such should have been the judgment of the supreme court, and the judgment rendered, if it may be called a judgment, should be reversed, and the proper judgment should be rendered by this court.” Accordingly, the “judgment- was reversed, and the proceeding •dismissed without judgment and without costs to either party.”
It will be seen by these references that the view we have *125 expressed of the statute in question is fully sustained by authority. It only remains to consider how the law, as-thus understood, affects the case before us.
It appears by the case submitted the commissioners claim that the railroad company has rendered the bridge over its cut unsafe and dangerous, thereby necessitating repairs for the convenience and safety of the public travel on the highway. This is not admitted by the railroad company. It is denied. 'Thus the facts constituting the only “ subject of a civil action ” appearing in the case, are still in dispute. The parties have failed to “ agree upon a case containing - the facts upon which the controversy depends,” as required by the statute.
The parties have submitted a mere question of law, as to-whether the railroad company is under obligation to maintain a bridge over its cut across the highway, and have not agreed upon a state of facts that would constitute a cause of action, or warrant the rendition of a judgment settling-the controversy between the parties, whatever might be the holding of the court on the disputed question of law.
At most the court could only state its opinion upon the question of law; but it would have no effect on the ease, as no judgment could be rendered that would bind the - parties, and that could be pleaded in bar to a future action upon the controverted facts of the case.
But we have seen that the statute in question was not intended to enable parties to use the court merely as advisory in their cases, but was intended as a convenient form.. of submission of a controversy upon an agreed state of facts for the judgment of the'court as in a civil action, which would have the same force and effect on the case agreed . upon that it would have if the case had gone through the • ordinary course of a civil action.
The judgment of each of the courts below, so far as - either -concerned the ease, was what, indeed, either of them only could be — a mere opinion or holding upon the question of law submitted — one holding the affirmative, and the • other the negative of the proposition, that the railroad- *126 ■company was bound to maintain a bridge over its cut across the highway. But each court did render a judgment for costs — the common pleas against the commissioners, and the district court against the railroad company. But there being no case before the court, no judgment whatever •could properly be rendered in the case. It follows that a -consideration and determination of the question of law submitted and argued would be an idle ceremony, and that we can only properly do in the case what wás-done by the New York Court of Appeals in a case like this — reverse the judgments of the courts below, and proceed to make the proper entry that should have been made — dismiss the proceeding without judgment, and without costs to •either party.

Judgment accordingly.