Boynton, J.
This is a petition in error to reverse the judgment of the district court of Butler county. The question for ■ determination arises upon demurrer to the original petition, and wholly depends upon the effect to be given the eighth item of the will. By that item, the testator provided, that should his son William feel unwilling to accept the provision made for him, and pay the legacies and amounts enjoined upon him as a condition of its acceptance, the will should be void, and all his estate, both personal and real, distributed as if he had died intestate. It is contended by the defendant in error, that the legal effect of this item whether William accepted the provision made for him with its conditions and obligations, or not, is to defeat and disappoint' the intention of the testator, and render his will inoperative and yoid. The argument urged in support of the claim is, that the language of the item makes the assent or acceptance of William a condition precedent to the vesting of the estate, and, therefore, inasmuch as the will was not to take .effect unless and until he accepted the provision made for him, it can not be said to be the will of -Richard Scott.; that a sound public ■policy will not permit a wall to be dependent for its operative force or effect upon the discretion or election of another. The object of the original action was to secure a decree in *298 equity pronouncing the will void. This was the relief sought; but to secure it, it was necessary, not only that Richard Scott should have died intestate, but there must have been some violation of the rights of the plaintiffs below, some wrong or injury, which the ordinary remedies that the law affords are inadequate to redress. It is not clear to us that the testator intended to die intestate, even had William refused to accept the provision made for him. It is true, he declared his desire to be that should William feel indisposed to accept such provision, with the burdens imposed as a condition of its acceptance, the will should he void; hut, in language immediately following, he directs, in the event of such non-acceptance, that all his estate should be distributed as if he had died intestate. The intention is clearly expressed, in case the contingency of nonacceptance arises, to substitute the distribution prescribed by statute for intestate property for that prescribed by the previous provisions of the will. This declaration, however, is not at all inconsistent with a purpose, on the part of the testator, to have his estate settled, and the distribution made by the executor chosen by himself, instead of an administrator to be selected after his decease. He, in effect, says : I give my property in the following proportions to my living children, and to the children of such of my children as have previously died ; provided, however, if my oldest son refuses or declines the provision made for him, then I direct an equal division of my estate among my children, the heirs of a deceased child to receive the portion such child would have receiyed had he survived. If this language is a just and fair equivalent in meaning and effect for the language employed by the testator, it would be difficult to conclude, upon any just reasoning, that he intended the will in the event named to be absolutely void.
It is, however, claimed, and the proposition is not without force, that the effect of the direction to adopt the statutory distribution of the estate prescribed for intestate property, in ease William rejected the provision made for him, was *299 to render the will, ipso facto, void, irrespective of the testator’s intention. And the rule of the common law seems to be well settled, that, where title by devise and title by descent unite or concur in the same person, the heir is in by descent and not' by devise. 1 Jar. on Wills, 109; Haynfworth v. Pretty, Croke El. 833, 919; Clerk v. Leroux, 5 Maule & Selw. 13; Manbridge v. Plummer, 7 Eng. Ch. 93; Doe ex dem. Pratt v. Timins, 1 Barn. & Ald. 530; Clerk v. Smith, 1 Salk. 241. But where a testator, as here, makes among his heirs an unequal division of his estate, appoints his executor to carry the disposition into effect, and directs, in case a particular event supervenes, his estate- shall go in statutory portions to his heirs, we- should hesitate to treat the will as absolutely void, and the case as one of intestacy. It is not, however, necessary to pass definitely upon the question, as in our opinion, when William accepted the provision made for him, all doubt as to the validity of the will was at once removed. Such acceptance carried with it the obligation to pay the legacies charged, and operated to vest the estate as fully and effectually as if the eighth item hád been omitted. Treating the estate disposed of by the will as belonging to the class given on a condition precedent, it took effect the moment such condition was performed. 1 Boper on Legacies, 748; 2 Eearne on Eemainders, 5.
In Wigram on Wills, 271, the author says: “Any consideration exacted from a beneficiary, or any duty imposed on him,.unless it spreads over a very unusual period of time, is a condition precedent.”. So, “a condition to be performed by one, may be imposed as a limitation upon a devise or bequest to another.” Ib.
In Woodcock v. Woodcock, Cro. El. 795, a devise to A. in remainder, upon such equivalent as the executors might determine, was held valid. Where an estate was devised to B., to take effect only on condition that A. died unmarried, it was held that B.’s estate did not vest during the life of A., as the condition might be determined affirmatively or negatively any time during that period; but, though *300 suspended so long, the condition was precedent, and when performed, the estate vested. Randall v. Payne, 1 Brown’s C. C. 55; Vin. Ab. Condition, 342.
In the present case it was manifestly the intention of the testator that the title to the legacies should vest in the legatees, and that the estate generally should vest upon the acceptance by William of the provision created for him; .and we know of no rule of law that requires us to defeat and disappoint, by construction, the intention thus declared. It is said to be against a sound public policy to permit a testamentary disposition of property depending for its effect upon the discretion, judgment, or will of another. But .such dispositions have been made and sanctioned from time immemorial. Had the testator devised his real estate to William, to be sold, and divided among the defendants, or any other class of persons, in such portions as William, .should appoint, there is no doubt that such disposition would be valid. 2 Eearne on Remainders, 193; 1 Roper on Legacies, 541, et seq.; 2 Wash, on Real Prop. 594; 1 Perry on Trusts, §§ 507, 508.
A policy, which would deny the power or right to devise an estate, not to vest unless one of the devisees accepted the portion devised to him,-would also forbid a bequest or devise to such only as a third person might nominate or appoint.
2. There is another ground of objection equally decisive of the case, and fatal to the judgment of the district court. If the will, as contended, is void by reason of the power in William to defeat its operation, it gave nothing to the •devisees or legatees. In such case no rights could be acquired under its provisions which would form any obstacle to complete relief at law. There was no possession by the plaintiffs below, and hence no title to be quieted nor cloud to be removed. The very fact that the will is void excludes the necessity of resorting to equity. If void in equity, it is void at law. The law, ordinarily, is fully adequate to give all necessary relief to guard against injury resulting from an instrument of writing, void on its face. If AYill *301 iam, upon the supposition that the will is void, had denied the right of his brothers and sisters, or of the children of' deceased brothers and sisters, to share with him in the realty left by Richard Scott, and had excluded them from possession, an action by them, or either of them, to recover possession as tenants in common, would have brought the validity of the will and the effect of the eighth item directly in question: and if the will is void, the judgment would necessarily have resulted in vindicating their rights as heirs. Mawhorter v. Armstrong, 16 Ohio, 188; Collins v. Collins, 19 Ohio St. 468; Corry v. Fleming, 29 Ohio St. 147.
Judgment reversed, demurrer sustained, and petition dismissed.