Longworth, J.
If we concede, for the purposes of this decision, that all proper parties are before this court, within time, we are still unable to see that the plaintiffs were entitled to any equitable relief in the court below. If Charles Bowen died intestate as respects his residuary estate, as claimed by plaintiffs, their rights are those of distributees or next of kin, and for the purposes of this discussion we may treat the will as though it contained no such clause as that above quoted.
The plaintiffs would be entitled to their respective distributive shares upon final settlement of the estate, and not until then. It could not be claimed that, in respect to the assets in their hands before final settlement, the executors stand as to them in the relationship of trustees. It is not questioned but that a suit may properly be brought in equity to establish the existence of a trust and to enforce its provisions, but here no trust exists, nor could a court of chancery, having declared the residuary clause of the will void, make any order against the executors, for the sufficient reason that the estate has not been settled.
“ It is true that in one sense an executor may be called a trustee, as any man may be so called who is bound to apply property for the benefit of others; but he is not a trustee in the technical sense. It is his duty to pay the creditors and *429 legatees out of the assets, and he is personally liable if he neglects to do so. But there is no trust which affects the assets themselves.” Adams Equity, 251.
"Where no trust is involved, and no advice or guidance to an executor or other trustee is required, parties claiming under or against a will cannot maintain an action for the mere purpose of obtaining the court’s opinion as to its meaning or legal effect. Corry v. Fleming, 29 Ohio St. 147. A court of law is as competent as a court of equity to construe a will or other written instrument when rights sought to be asserted are dependent upon its construction. Here nothing seems to be asked of the court further than to expound the will and, to declare the rules by which the executors are to be governed in the discharge of their duties; and this request comes not from the executoi’s themselves but from the next of kin claiming as distributees. We ask, Gui "bono ? Most ample provision is made by statute for the assertion of these rights by action in the probate court or court of common pleas to recover the distributive shares to which plaintiffs may be entitled upon final settlement of the estate. 1 S. & C. 619. It is there provided that if the amount coming to any heir, legatee, widow, or other distributee shall be uncertain or in dispute, depending upon the construction of any devise, bequest, or upon any other question, these courts shall have full power to bring in all interested parties and to settle finally all matters in controversy, to render judgment, and to award execution. These provisions are incorporated in the Revised Statutes now in force. It may be observed that no claim is here made that the executors are insolvent, or that their bond is insufficient, or that the rights of plaintiffs are in danger of being lost to them.
We find it unnecessary to dispose of any of the questions argued by counsel, being satisfied, as we are, that, prior to the settlement of the estate, the interposition asked would be premature. The executors have the right under the statute to protect themselves by obtaining the direction and judgment of the court upon the meaning or effect of the will; but- this they do not ask, and therefore, of course, act upon their own risk and responsibility. We find no error in the action of the dis *430 trict court in dismissing the petition, for the reasons above stated.

Judgment affirmed.