[11675. Department One. — October 7, 1887.]

ELIZABETH SIDDALL ET AL., APPELLANTS, *v.* ROBERT HARRISON ET AL., EXECUTORS ETC. OF ELIZABETH D. TRAYLOR, DECEASED, ET AL., RESPONDENTS.

EQUITY — ACTION FOR CONSTRUCTION OF WILL — JURISDICTION OF SUPERIOR COURT. — Conceding that the Superior Court has jurisdiction in a proper case of an action brought to construe a will which has been duly admitted to probate, still it is not bound to entertain such an action, and should not do so, except in a case where there is some special reason for seeking its interposition other than a mere desire to obtain the opinion of a court of equity as to the proper construction of the will.

ID. — ACTION TO DETERMINE HEIRSHIP. — Pending proceedings in probate for the settlement of the estate of a deceased testator, a person claiming to be his heir at law, but who takes nothing under the will, cannot maintain an action in equity for the purpose of determining his heirship and having the residuary and other legacies in the will pronounced invalid, when no special reasons are shown why such matters should be determined in advance of the final decree of distribution in the probate proceedings.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*D. William Douthitt*, for Appellants.

The Superior Court as a court of equity has jurisdiction of the action. (*Rosenberg* v. *Frank*, 58 Cal. 403; *Payne* v. *Payne*, 18 Cal. 292; *Williams* v. *Williams*, 73 Cal. 99; 1 Redfield on Wills, 492, 493; *Bowers* v.

*Smith*, 10 Paige, 194; *Kiah* v. *Grenier*, 56 N. Y. 220; *Post* v. *Hover*, 30 Barb. 312; *Chipman* v. *Montgomery*, 4 Hun, 739; *Bailey* v. *Briggs*, 56 N. Y. 407; *De Laurencel* v. *De Boom*, 67 Cal. 362.)

*Olney, Chickering & Thomas, F. M. Pixley, John F. Swift, Robert Harrison*, and *Selden S. Wright*, for Respondents.

A suit in equity to construe a will can be entertained only at the instance of the executors, and then only in cases of great importance, where the aid of a court of equity is indispensable to direct the executor and save delay and expense. (*Bowen* v. *Bowen*, 38 Ohio St. 426; *Chipman* v. *Montgomery*, 63 N. Y. 229; *Crosby* v. *Mason*, 32 Conn. 483; 1 Pomeroy's Eq. Jur., secs. 348, 349; 2 Story's Eq. Jur., sec. 1065.)

TEMPLE, J.— This action is brought against the executors of the will of Elizabeth Traylor, deceased, and a great many other persons who do not appear to have any interest in the estate, or in the controversy, and no reason is shown in the complaint why they are or should be joined as defendants.

The plaintiffs are not mentioned in the will, and claim no interest under it, but they aver that either plaintiff Siddall is the sole heir, or that her co-plaintiff, White, is alone entitled to share the estate with her as heirs at law. By the terms of the will all the property of the testatrix is disposed of, but the complaint avers that various legacies are void, and among them the residuary bequest, and that the legal and valid legacies being paid, there will be a large sum undisposed of.

The plaintiffs aver that the executors claim that neither of the plaintiffs are heirs at law to said estate, and that all the legacies are legal and should be paid; and they ask that the legacies may be declared void, and that the plaintiffs, one or both, are heirs at law to said estate, and for general relief

LXXIII. CAL.—36

To this complaint a demurrer was interposed, which was sustained, and the plaintiff declining to amend, final judgment was entered and the plaintiff appeals.

Among the grounds of demurrer is the claim that the court has no jurisdiction of the action, and that the complaint does not state a cause of action.

In the recent case of *Williams* v. *Williams, ante,* p. 99, it is said that the jurisdiction of the Superior Court to construe a will was determined in the case of *Rosenberg* v. *Frank,* 58 Cal. 403.

The attention of the court does not seem to have been called to the fact that that case was brought in the District Court, and arose under the former constitution, nor to the fact that a majority of the court did not concur in the opinion on the subject of jurisdiction. Only Justices Thornton, Sharpstein, and the Chief Justice concurred in the opinion. Mr. Justice Ross concurred specially, saying that he gave his adhesion only because the former court had held that the District Court had such jurisdiction, and perhaps property rights had grown up under such decisions. The cases of *Williams* v. *Williams, Rosenberg* v. *Frank, supra,* as also the case of *Payne* v. *Payne,* 18 Cal. 292, were all in a sense consent cases. No one objected to the jurisdiction, and all parties interested desired the decision. In view of these facts, and of the weighty reasons against the jurisdiction given in the dissenting opinion in the case of *Rosenberg* v. *Frank,* to which others might be added, I do not know whether the court will adhere to these conclusions, but I am convinced the jurisdiction ought not to be exercised unless some good reason is given for thus interfering with a matter pending in another court. The inconvenience may be very great.

The Superior Court is liable to be called upon to construe a will to some extent as soon as it is probated. Certain payments, for instance, may be required to be made at once and at intervals. One of the principal

reasons given for the interference of a court of equity was to save the executor from liability for misconstruing the will while executing his trust. Here there is no such trouble; but suppose he has acted during administration under the directions of the probate judge, and in an action to construe the will another court takes a different view of its terms, which shall prevail? And if the latter, is the executor responsible?

Take the case put by Judge Story (Eq. Jur., sec. 1065) as a proper case for the interposition of a court of equity. The will makes certain real estate subject to payment of debts and legacies. It is doubtful, he says, whether the personal estate is exonerated, or is the primary fund to be exhausted before the real estate can be taken. The Probate Court is competent to determine this. Suppose it has done it, or is about to do it at the instance of creditors: can the executor delay that court in compelling the payment of the debts until the clause of the will has been construed in an action in another court? And when the matter has been so determined, why should that construction prevail over that of the court to which the matter is specifically referred by the constitution? Shall this court suspend its proceedings until advised by another court of co-ordinate jurisdiction?

But, as already said, if in a proper case courts of equity have jurisdiction to construe wills, and this court shall finally so hold, it is evident the court is not bound to entertain such suits, and should not do so, except in cases where there are special reasons for it. Its interference is always a matter of discretion, and there must always be some other purpose than a mere desire to obtain the opinion of a court of equity. (*Crosby* v. *Mason*, 32 Conn. 482.)

And since our courts have in probate proceedings most ample powers, and may recognize and declare trusts, and compel their execution, and in the final decree must define all estates, legal or equitable, which

pass under the will or the statute of descents (*Estate of Hinckley*, 58 Cal. 459), it is evident the occasion which would justify such interference can rarely occur.

There is no such exigency in this case. The plaintiffs are not executors, trustees, or *cestuis que trust*. They claim to be heirs at law, who, in case the residuary legacy is void, might succeed to some of the estate. They ask to have the question of their heirship determined, and some of the legacies pronounced void. No reason is shown why this should be determined in advance of the decree of final distribution.

The expense of proceedings of this character is usually saddled upon the estate, and parties should not be permitted to incur costs merely to satisfy idle curiosity.

We think the judgment should be affirmed, and it is so ordered.

PATERSON, J., and McKINSTRY, J., concurred.

*Hearing in Bank denied.*