BANTZ v. ROVER ET AL.

**1. Amendment Proper Procedure to Cure Verification Omitted.**

Failure to properly verify an answer and cross petition in an action for construction of a will and an accounting by a guardian should be cured by amendment pursuant to R. S. 5114 (Gen. Code 11363); hence, the dismissal of such a pleading because not properly verified constitutes reversible error.

**2. Guardian Cannot Sue to Construe Will.**

Guardian, having no trust under a will to administer, cannot maintain an action to construe the will and for an accounting.

[Syllabus approved by the court.]

ERROR to common pleas court.

*W. M. Tugman,* for plaintiff in error:

Cited and commented upon by the following authorities: 1 Bates, Pleading p. 162; *Cincinnati, H. & D. Ry.* v. *Bailey,* 70 Ohio St. 88 [70 N. E. Rep. 900] ; *Conn* v. *Rhodes,* 26 Ohio St. 644; *Venneman* v. *Sievering,* 9 Dec. Re. 459 (14 Bull. 5) ; *Ashly* v. *Wright,* 19 Ohio St. 291; *First Nat. Bank* v. *Reed,* 31 Ohio St. 435; *Boyles* v. *Hoyt,* 2 Dec. Re. 376 (2 W. L. M. 548) ; *Phillips* v. *LeJune,* 25 O. C. C. 107 (1 N. S. 616) ; *White* v. *Freese,* 13 Dec. Re. 749 (2 C. S. C. 30) ; *Bragg* v. *Bickford,* 4 How. Pr. (N. Y.) 21; *Meade* v. *Thorne,* 2 Dec. Re. 289 (2 W. L. M. 312) ; *Kerns* v. *Roberts,* 2 Dec. Re. 537 (3 W. L. M. 604) ; *Wheeler* v. *Wales,* 3 Bush (Ky.) 235; *Steinman* v. *Steinman,* 27 O. C. C. 460 (5 N. S. 600) ; *Hinde* v. *Whitney,* 31 Ohio St. 53; *Linton* v. *Laycock,* 33 Ohio St. 128; *Penn* v. *Hayward,* 14 Ohio St. 306.

*Chas. M. Cist,* for defendant in error.

Hamilton County Circuit.

**SWING, J.**

We think it was error in the court to dismiss the answer and cross petition of Adam Bantz on the ground that the "answer and cross petition is not verified by the signature of the attorney and does not show the name or seal of the notary public before whom it purports to have been signed by Adam Bantz." Under R. S. 5114 (Gen. Code 11363) the court should have permitted the pleading to have been amended. *Cincinnati, H. & D. Ry.* v. *Bailey,* 70 Ohio St. 88 [70 N. E. Rep. 900].

We are further of the opinion that the court should have sustained the demurrer to the original petition. But as no error is prosecuted to this judgment, this court can take no action in regard to it.

The original action was evidently brought under R. S. 6202 (Gen. Code 10857), and asked for the construction of the will of Herman Rudolph Rover and for an accounting. Adam Bantz, as guardian of Hedwig Bantz, was not entitled to bring such an action. He had no trust to administer under said will and therefore could not maintain such an action. *Collins* v. *Collins,* 19 Ohio St. 468; *Corry* v. *Fleming,* 29 Ohio St. 147. But in an action for partition and for an accounting between the parties the will could be construed and the rights of all the parties could be adjusted. *Lasure* v. *State,* 19 Ohio St. 51; *Linton* v. *Laycock,* 33 Ohio St. 128; *Patton* v. *Patton,* 39 Ohio St. 590.

Judgment reversed and cause remanded for further proceedings.

**Giffen** and **Smith, JJ.,** concur.