SNYDER, TRUSTEE, *v.* HEFFNER ET AL.

(Decided May 31, 1929.)

*Mr. Irvin F. Snyder,* for plaintiff in error.
*Mr. C. A. Leist, Mr. Milt Morris, Mr. Paul E. Adkins,* and *Messrs. Abernethy & Simkins,* for defendants in error.

MAUCK, J.   Irvin F. Snyder, as surviving trustee under the will of Frank P. Berger, brought his action in the common pleas, asking for a construction of the fifth item of the will of Frank P. Berger, deceased.   He made the city of Circleville one of the parties defendant.   The city filed a cross-petition, asking for a construction of the ninth item of the will.   An interpretation of both items was made by the court of common pleas, and to the judgment embodying that court's interpretation error is prosecuted to this court, where the plaintiff in error claims that the court below was in error in the construction it gave to the fifth item of the will, and further claims that the court was without power in this proceeding upon the cross-petition of the city to make a conclusive interpretation of the ninth item of the will, but also argued that, if the court had power to entertain the cross-petition of the

city, the interpretation it gave to the ninth item of the will was erroneous. It is now sought by a petition in error to reverse the judgment of the common pleas.

The will in question bequeathed to the testator's widow his chattel property other than money and securities, and gave her a life estate in his residence property in the city of Circleville. He also bequeathed her the sum of $3,000. These legacies were declared to be "in lieu of her yearly allowance and set-off under the statute of Ohio." He then made various bequests to his nephews and nieces, following which comes the fifth item of the will as follows:

"I give and bequeath all of my property not disposed of under items 'Second' and 'Third' herein including my real estate; personal property such as moneys, bonds, stocks, and choses in action of every kind and nature and wheresoever situated to my wife, Sarah J. Berger and Irvin F. Snyder in trust for the following purposes and to carry out the provisions of my will to wit: They shall lease all my lands upon such terms and in such manner as they shall deem best; they shall collect and receive the proceeds and rents from said lands, collect the interest from money loaned, and from bonds, collect the dividend from stocks, and to invest the principal sum of moneys received or money loaned or from bonds. Then out of rents, interest and dividends received by them as trustees aforesaid they shall pay all taxes and assessments, if any, keep said property insured and in good repair and improve the same when in their judgment the same is necessary for the best interest of the estate. If there are

any money on hand at the time said executors settle their account said trustees shall receive the same and invest it and receive the interest if any on the same, and after all the taxes, assessments, if any, and expenses, including my trustees compensation, are paid they shall pay annually the net yearly income from rents, interests and dividends to my wife, Sarah J. Berger, the same to be hers absolutely, said annual period shall begin in one year after my death and continue as long as my wife Sarah J. Berger shall live."

The executors of the will were Irvin F. Snyder and Sarah J. Berger, the testator's wife. Later, on November 24, 1926, the executors qualified as trustees under the will, and on June 27, 1927, Mrs. Berger died, and since that time Irvin F. Snyder has been the sole trustee.

The trial court found that under the fifth item of the will Sarah J. Berger, the widow, took a life estate in the property covered by that item, and undertook to describe the rights of the parties thereunder under the general rules obtaining between life tenants and remaindermen. The plaintiff in error complains of this interpretation, arguing that the widow had no life estate under the will, for the reason that the property was wholly vested in the trustees, and that the widow was limited to receiving such of the net income only as the trustees were authorized to pay to her. It appears to us wholly inconsequential whether the widow's interest be described as a life tenancy or otherwise. If she be deemed a life tenant, it would only be a life tenancy in an equitable interest, for the legal title was clearly vested in the trustees, and as her estate, whatever

its nature, is created by will, and not by law, her rights are limited to such rights as are conferred by the instrument creating the estate. The Ohio statutes relating to emblements constitute no limitation upon the power of a testator to dispose of such emblements, and as Mrs. Berger must rely upon the fifth item of the will for all her rights to the property therein mentioned she is limited in those rights to such provision as that item makes for her.

While Sections 10642 and 10643, General Code, would govern the right to emblements, in the absence of dispositive provisions in the will, they can not operate to defeat the testator's purpose. That the testator did not intend his widow to enjoy all of the rights that an unqualified life tenant might have is apparent. She was not given the possession of the property. She was not given the power to lease it, or operate it, or occupy it. She could not collect the proceeds and rents. She was not given an unqualified right to all the net proceeds, for the trustees were empowered, not only to keep the property in good repair, but were required to keep it insured, and were authorized to improve it. Life tenants are not bound to insure property. They are not required to keep it in *good repair,* and are not expected to improve it. It is only after all these things had been done by the trustees that Mrs. Berger came into the enjoyment of anything under this item. When all these things had been done, the trustees were required to "pay annually the net yearly income from rents, interest and dividends to my wife Sarah J. Berger, the same to be hers absolutely, said annual periods shall begin in one year

after my death and continue as long as my wife Sarah J. Berger shall live.''

The testator died August 8, 1925. His widow died June 27, 1927. The trustee claims that Mrs. Berger's executrix is not entitled to receive anything under this item because Mrs. Berger died prior to the time when the first payment would accrue. The argument is that Mrs. Berger was to receive her allowance annually, and that the first year began one year after the testator's death, or August 8, 1926, and that inasmuch as Mrs. Berger did not live until the end of that annual period, which would be August 8, 1927, no payment ever became due her. With this position of the trustee we are in accord. It is the plain language of the will and needs no construction, and ought not be defeated by generous impulses that do not harmonize with the expressed purposes of the testator.

The answer and cross-petition filed by the city of Circleville admits the allegations of the petition, except in a clerical matter. It avers that a true copy of the will is attached to the cross-petition, and then pleads the following, and no more:

''The said city of Circleville is in doubt as to the true meaning of said 'Item Ninth' of said last will and testament of Frank P. Berger, deceased, and therefore requests a construction of the same.

''The defendant, the city of Circleville, Ohio, therefore prays that the court may construe said will and especially item 'Ninth' thereof and direct said city of Circleville of its true rights under the same and for all other relief to which it may be entitled in law or in equity.''

The ninth item of the will thus referred to reads as follows:

"Ninth: I direct that my trustee shall pay and I give and bequeath the remainder of the cash in the hands of my trustee after all the expenses have been paid, to the city of Circleville, Ohio, in trust for the purposes hereinafter stated; that said city of Circleville, Ohio, within two years after the death of my wife, Sarah J. Berger, take possession of grounds purchased or otherwise obtained by it for hospital purposes and cause to be erected thereon in the manner directed by law a hospital, and properly furnish and equip the same, at a cost not less than fifty thousand dollars including the grounds. Said hospital shall be named the Berger hospital. Said hospital shall be established, organized and controlled in the manner as provided by the statutes of Ohio, and ordinances of said city of Circleville, Ohio, enacted in pursuance of said statutes for that purpose. The council of said city of Circleville, Ohio, by resolution or ordinance duly adopted or passed shall accept this bequest, and the trust hereinafter mentioned, upon the conditions herein named and after the council of said city of Circleville, Ohio, shall have accepted this bequest in the manner and conditions herein named and shall have established, organized and named said hospital as aforesaid, and erected, furnished and equipped said building aforesaid, then I direct my trustee to pay to the city of Circleville, Ohio, the net cash remaining in hands for the purposes following, to wit: To pay one-half of the cost of erecting, furnishing and equipping said hospital and the remainder of said cash shall be in-

vested by said city in interest paying bonds and keep the same invested and apply the whole amount of the income therefrom to the support of said hospital. In the event that the city of Circleville, Ohio, shall not be entitled to receive the above bequest by reason of its failure to comply with and perform the conditions upon which it is made and also in the event that said city after having received said bequest abandons or forfeits said trust, then in either of said events I give and bequeath said amount in this item bequeathed to my nieces and nephews,'' etc.

The cross-petition was not properly in the case. From early days equity has entertained applications by executors and other trustees for the construction of wills in order that trustees might be protected in the administration of such trusts. This was, however, solely for the protection of the executor or like trustee and could not be invoked by legatees. *Corry* v. *Flemming,* 29 Ohio St., 147; *Bowen* v. *Bowen,* 38 Ohio St., 426. Legatees were consequently remitted to the right to recover their legacies at law. Later there was enacted what are now Sections 10857 and 10858, General Code. The first of these sections defines the character of the action as such ''as formerly was entertained in courts of equity.'' The second section enlarges the rights of the parties by enabling a legatee or person of like interest to bring the action, but only on condition that he in writing request the executor to file such action and the executor fails for 30 days to do so. For this technical, but apparently jurisdictional, reason, the cross-petition was not properly filed.

There was, however, another reason why no question was raised by the cross-petition. Neither the cross-petition nor the original petition shows that the construction sought will ever be important. The question, so far as these pleadings are concerned, may be only a moot one. The pleadings do not show that there will be any funds covered by the ninth item. This is fatal under the doctrine of *Rothgeb* v. *Mauck*, 35 Ohio St., 503. If both these technical difficulties were removed, however, the cross-petition could not be entertained, as the city pleads nothing to indicate its acceptance of the benefits of the item mentioned. If it did accept, it might repudiate it within the two-year period stipulated in the will. It has no interest until two years after the death of Sarah J. Berger, and Mrs. Berger died June 27, 1927, while this cross-petition was filed July 25, 1928. Judge Bates thus sets forth the law in this respect:

"Hence, also, the petition may be bad because premature. As where an executrix plaintiff claims a devise to her to be in fee and the heirs claim it is but a life estate with remainder to themselves. *Serrick* v. *Serrick*, (Supreme Ct. of Ohio not reported), 32 Bull., 393; *Siddall* v. *Harrison*, 73 Cal., 560, 15 P., 130. So where a legacy to a college was to be paid in two years, provided certain conditions were performed by it within one year, the parties can not ask the court, before the time for performance, to determine whether certain acts amounted to a performance of the condition, and, if not, what further was required. *Hobart College* v. *Fitzhugh*, 27 N. Y., 130; *Norris* v. *Beardsley*, (N. J. Eq., 1905), 62 A., 425. And other contingent interests will not be de-

termined until the question arises.'' 3 Bates, Pleading, Practice, Parties, and Forms, 2965.

While we sympathize with the city's effort to anticipate its rights, and are inclined upon the abstract question to view the language of the testator in the same light as the trial court, we find that that court was without jurisdiction to interpret the ninth item of the will. The decree of the trial court is reversed, and the cross-petition of the city of Circleville is dismissed without prejudice.

Coming to enter the decree which we find ought to have been made by the common pleas, we find and determine that it is not the duty of the executor to pay any of the income derived by him from the property covered by item 5 to the administrator of the testator's widow. Nothing else is determined herein.

*Judgment reversed.*

HOUCK and LEMERT, JJ., concur.

Judges HOUCK and LEMERT, of the Fifth Appellate District, sitting in place of Judges MIDDLETON and BLOSSER, of the Fourth Appellate District.