[No. 8,317.—Department Two.]
July 19, 1882.

## JOHN HANCOCK v. GEORGE I. BURTON ET AL.

CHANGE OF PLACE OF TRIAL—ACTION FOR RECOVERY OF REAL PROPERTY—CONSTITUTIONAL LAW—DISQUALIFICATION OF JUDGE.—Section 5, Art. vi. of the Constitution, does not provide that the actions referred to must be *tried*, but simply that they must be *commenced* in the county in which the land is situated. Section 397, C. C. P., therefore, which authorizes a change of place of trial when the judge of the Court in which the action is brought is disqualified to try the case is not unconstitutional.

APPEAL from an order in favor of plaintiff of the Superior Court of San Bernardino County transferring said case to the Superior Court of Los Angeles County. ROLFE, J.

*H. M. Willis,* and *C. W. C. Rowell,* for Appellant.

By the provisions of Sections 5 and 8 of Article vi. of the Constitution, it is clear that the disqualification of a judge is no ground for changing the place of trial in a case involving the possession of real property. The statute authorizing such change is in contravention of the Constitution.

*Henry Hancock,* and *Satterwhite & Curtis,* for Respondent.

This action was commenced in the county where the real estate is situated. The Constitution does authorize the change of venue. (Art. iv., subdivision 4.)

The COURT:

Plaintiff brought an action of ejectment in the Superior Court of San Bernardino County, for the recovery of lands situate in that county, and the case was transferred to the

Superior Court of Los Angeles County for trial, on the ground
that the Hon. H. C. Rolfe, Judge of the first-named Court,
was disqualified, he having been attorney for the plaintiff in
the action. The change was opposed by the defendants, and
they appealed from the order.

It is claimed before us that the defendants had a constitu-
tional right to have the case tried in San Bernardino
County, and in support of this position, they rely upon Sec-
tion 5 of Article vi. of the Constitution, which provides that
"all actions for the recovery of the possession of, quieting the
title to, or for the enforcement of liens upon real estate, shall
be *commenced* in the county in which the real estate, or any
part thereof affected by such action or actions, is situated."

The Constitution does not provide that the action must be
tried, but simply that it must be commenced in the county
in which the land is situated; and we are of the opinion that
Section 997 of the Code of Civil Procedure, which authorizes
the change of place of trial when the Judge of a court in
which the action is brought is disqualified to try the case, is
not obnoxious to any provision found in the Constitution.

The order was properly made, and is therefore affirmed.