BRIDGET DUFFY, EXECUTRIX, ETC., APPELLANT, *v.* MICHAEL DUFFY, RESPONDENT.

ACTION TO COMPEL CONVEYANCE OF LAND—CHANGE OF PLACE OF TRIAL—CONVENIENCE OF WITNESSES.—Where an action to compel a conveyance of real estate is commenced in the county where the real estate is situated the place of trial of the action may be changed by agreement of the parties, or by order of the court, where the convenience of witnesses will be promoted by such change.

APPEAL—HARMLESS RULING IN ADMISSION OF EVIDENCE.—The correctness of rulings as to the admission of evidence will not be considered upon appeal where the substance of the evidence objected to appears in other portions of the testimony of the witness, and in the testimony of another witness to which no objection is urged.

ID.—MOTION TO STRIKE OUT EVIDENCE—HARMLESS ERROR.—An error in overruling a motion to strike out evidence, where it is apparent that the exclusion of the evidence sought to be stricken out could not have changed a single finding of the court or the result of the case, is not prejudicial, and will not constitute ground for the reversal of the judgment upon appeal.

ID.—COST OF TRANSCRIPT—INSERTION OF EVIDENCE TO SHOW HARMLESSNESS OF ERROR.—The respondent will not be taxed with any part of the costs of printing the transcript by reason of having proposed amendments to the statement, by incorporating therein the greater part of the evidence in the case, for the purpose of showing that the exclusion of the testimony sought to be stricken out would not change the result.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Boyd, Fifield & Hoburg*, for Appellant.

These lands are situated in Alameda county. The superior court of the city and county of San Francisco had no jurisdiction to try the case. Nor could consent give such jurisdiction. (*Sloss* v. *De Toro*, 77 Cal. 129; *Franklin* v. *Dutton*, 79 Cal. 605; *Fritts* v. *Camp*, 94 Cal. 393; *Pennie* v. *Visher*, 94 Cal. 323; *Baker* v. *Fireman's Fund Ins. Co.*, 73 Cal. 182; *Watkins* v. *Degener*, 63 Cal. 500; *Grangers' Bank* v. *Superior Court*, 101 Cal. 198.) Respondent should be compelled to pay the costs of

printing the useless and redundant matter which he caused to be printed in the statement. (*McMinn* v. *Whelan*, 27 Cal. 320, 321; *Barrett* v. *Tewksbury*, 15 Cal. 357; *Harper* v. *Minor*, 27 Cal. 109, 115.)

*Estee & Miller*, for Respondent.

The superior court of the city and county of San Francisco had jurisdiction to try the case, as it was expressly stipulated that the action might be tried in that county. (*Hancock* v. *Burton*, 61 Cal. 70; Code Civ. Proc., secs. 392, 397.) Parties are estopped from raising an objection to their stipulation or denying its effect. (*Dreyfous* v. *Adams*, 48 Cal. 131; *Donner* v. *Palmer*, 51 Cal. 629; *Grady* v. *Porter*, 53 Cal. 680; *Boyd* v. *Burrel*, 60 Cal. 318; *Smith* v. *Whittier*, 95 Cal. 279.) The burden of showing the immateriality of the alleged errors rested upon defendant. He was, therefore, entitled to demand that sufficient of the testimony be included in the statement to show that the evidence complained of: 1. Was not properly admitted; and 2. If improperly admitted, it could not possibly have injured plaintiff. (*Storch* v. *McCain*, 85 Cal. 308; *In re Spencer*, 96 Cal. 449; *McPhail* v. *Buell*, 87 Cal. 116; *Enright* v. *San Francisco etc. R. R. Co.*, 33 Cal. 230.)

HAYNES, C.—This action was brought by Bridget Duffy, as executrix of James A. Duffy, against Michael Duffy, for the purpose of compelling the defendant to convey to her, as such executrix, certain real estate situate in the city of Oakland, Alameda county, which, it is alleged, was bought by the said James in September, 1888, with his own money, but which was conveyed to the defendant, who it is alleged took such conveyance in trust for James, and that he still holds the same in trust.

The answer alleged that the whole of the purchase money paid therefor was the moneys of the defendant, and denied that the estate had any interest in the real estate, or that defendant held it in trust.

The cause was tried by the court, and findings and judgment were for defendant, and this appeal is from the judgment and an order denying plaintiff's motion for a new trial.

No question is made as to the sufficiency of the findings to support the judgment, nor as to the sufficiency of the evidence to support the findings, but it is insisted: 1. That the court had no jurisdiction of the subject matter of the action; and 2. That the court erred in admitting certain evidence over plaintiff's objection, and in refusing her motion to strike out the same evidence.

1. The real estate, the subject of the action, is situate in Alameda county. The action was commenced in that county, but was afterwards transferred to the superior court of the city and county of San Francisco for trial, the order changing the place of trial being based on a stipulation of counsel for the respective parties, the ground therein stated being "that the convenience of witnesses would be promoted by such change."

This question is conclusively settled by the case of *Hancock* v. *Burton*, 61 Cal. 70, where it was said:

"The constitution (section 5 of article VI) does not provide that the action must be tried, but simply that it must be *commenced* in the county in which the land is situated; and we are of the opinion that section 397 of the Code of Civil Procedure, which authorizes the change of the place of trial where the judge of a court in which the action is brought is disqualified to try the case, is not obnoxious to any provision found in the constitution." (See, also, *Warner* v. *Warner*, 100 Cal. 11, 15.) In *Urton* v. *Woolsey*, 87 Cal. 38, the action was to foreclose a lien upon lands in Tulare county, and was commenced and proceeded to judgment in Fresno county. Upon appeal the judgment was reversed, and the action dismissed, upon the ground "that no court has jurisdiction to entertain an action like the one at bar, unless it has been commenced in the county where the land is situated." In *Fritts* v. *Camp*, 94 Cal. 393,

cited by appellant, a similar conclusion was reached. None of the cases cited by appellant sustained her contention. They all go either to the point that in "actions for the recovery of possession of, quieting the title to, or for the enforcement of liens upon real estate," if the action be commenced in a county other than that in which the real estate is situated, the court is without jurisdiction; or, that where such action is commenced in the proper county, the place of trial will not be changed upon the ground that the defendant resides in another county, as may be done in personal actions. Whilst the constitution very properly provides that the actions concerning real estate therein mentioned should be commenced in the county in which it, or some part of it, is situated, it could not have been intended that, under the circumstances mentioned in subdivisions 2, 3, and 4 of section 397, the place of trial could not be changed.

2. The deceased, James A. Duffy, had long been a resident of California, and the defendant Michael was, and still is, a resident of the state of Michigan. The deposition of the defendant was taken by the plaintiff upon written interrogatories, but upon the trial she declined to read the deposition, and the same was read on behalf of the defendant. Plaintiff objected to the reading of portions of the answers to three of the interrogatories in chief, and afterwards moved to have the same portions stricken out. Her objections were overruled and the motions to strike out were denied.

We think it is not necessary to discuss the correctness of these rulings, inasmuch as the substance of the evidence objected to appeared in other portions of the deposition to which no objection is urged, as well as by the testimony of another witness. It appeared without conflict or contradiction that defendant had at different times sent large sums of money to his brother James for investment in California, and that James held defendant's power of attorney. The original deed from the vendors of the property in question to the defendant as grantee was not produced, but a certified copy show-

ing that it was recorded in the county of Alameda at the request of the grantee was put in evidence by the plaintiff.

The answers objected to were to the effect that the defendant had received a letter from his brother James in October, 1888, informing him of the purchase of the property; that he had bought it for him and taken the deed to him, and stating the price paid at four thousand nine hundred dollars. The real controversy in the case was as to whether the money paid for the property was the money of James or of the defendant, Michael, and in answer to an interrogatory in the same deposition the defendant testified: "I did not personally pay the money to the Owens, but James A. Duffy had money in his hands at this time belonging to me, and what money was paid to the Owens was paid by him for me." No error was assigned in relation to this interrogatory or answer; and Mr. Estee, a witness on behalf of defendant, testified that the deceased, at the time of the transaction, informed him that he was purchasing the property for the defendant with the defendant's money.

The controlling facts in this case are wholly undisputed: That the defendant sent from Michigan to his brother James, who resided here, large sums of money to be invested for the defendant; that James held a power of attorney from defendant; that the deed of the property in question recited a consideration of four thousand nine hundred dollars, paid by the defendant, the grantee therein named, and the deed was recorded at the request of the grantee, showing that in the matter of recording the deed, at least, James acted as the authorized agent of defendant. As against these facts there appeared: 1. That the business was transacted by James; and 2. That about the time of the purchase he sold certain stocks, and from that source may have had sufficient money of his own to make the purchase.

In *Anthony* v. *Chapman*, 65 Cal. 73, it was said: "The deed recites that the consideration was paid by Mary A. Smith, the grantee therein, and, while the express decla-

rations of the deed in that respect may be controlled by parol proof alone, it is well settled that such evidence must be full, clear, and satisfactory." (See, also, *Millard* v. *Hathaway*, 27 Cal. 142; *Boyd* v. *McLean*, 1 Johns. Ch. 590; *Whitmore* v. *Learned*, 70 Me. 276.)

It must be apparent that the exclusion of the evidence sought to be stricken out could not have changed a single finding of the court or the result of the case. A plaintiff who fails to make out a case is not prejudiced by any error which does not prevent him from making out a case. (*McPhail* v. *Buell*, 87 Cal. 116; *In re Spencer*, 96 Cal. 449, 450.) In the case last cited it was said: "But it is difficult to conceive how the verdict and judgment could have been different if the court had ruled throughout the trial as asked by appellant. And in such case a judgment will not be reversed, even though some errors have occurred during the progress of the trial."

Appellant contends that, in case of affirmance of the judgment and order appealed from, respondent should be taxed with a large proportion of the cost of printing the transcript.

The statement on motion for new trial prepared and proposed by appellant was very short, reciting that plaintiff gave evidence tending to sustain the allegations of her complaint, and rested; that the defendant thereupon introduced evidence tending to disprove the allegations of the complaint and to sustain the allegations of his answer, and as part of such evidence offered said deposition, and set out the three questions and answers hereinbefore noticed. The defendant proposed amendments by incorporating in the statement the greater part of the evidence in the case, and the court required the insertion of other portions.

We think the defendant had the right to have so much of the evidence inserted as would show that the exclusion of the testimony sought to be stricken out would not have changed the result, and was not obliged to rest upon the correctness of the ruling upon the motion to

strike out for the affirmance of the judgment and order appealed from, and that the court did not err in permitting the amendments proposed by defendant, nor in requiring the insertion of other evidence pointed out by the court.

The judgment and order appealed from should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.