[S. F. No. 13925. In Bank.—June 30, 1930.]

J. R. SHIPP, Petitioner, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY et al., Respondents.

N. C. Peters and Swing & Wilson for Petitioner.

Emery B. Tyler, Joe R. Rensch, Albert E. Weller, Frank T. Bates, Walter E. Byrne, Duckworth & Harrison, Wm. Guthrie, R. E. Hodge, D. W. Richards, Martin J. Coughlin, Surr & Hellyer, T. M. Cox, J. R. Le Gallez, E. C. Gridley, Lester G. King, Karl F. King, Grant Holcomb, T. W. Duck-

worth and R. Bruce Findlay, *Amici Curiae* in support of Petitioner.

No appearance for Respondents.

THE COURT.—This is a proceeding in *mandamus* begun on April 26, 1930. The court denied the application on May 8, 1930. Petitioner urges a rehearing in said matter, to which application we submit the following:

In an action at law pending in the Superior Court of the County of San Bernardino, involving the sum of $689.21, where the plaintiff and the defendant were residents of San Bernardino township therein, the court and Hon. F. A. Leonard, the Judge thereof, *sua sponte,* declined to assume jurisdiction of said cause, assigning as a reason that the Justice's Court of San Bernardino township, a township where the population was in excess of 30,000, had exclusive jurisdiction thereof. The object of the present proceeding is to compel said court and said judge to assume jurisdiction of said cause.

By amendment to section 112 of the Code of Civil Procedure the legislature in 1929 (Stats. 1929, p. 834) undertook to enlarge and subdivide the jurisdiction of the Justices' Courts of the state in civil actions. Likewise, at the same time, by amendment to the Penal Code, section 1425 (Stats. 1929, p. 861), it made applicable a similar plan as to the jurisdiction of these courts over certain criminal offenses. The sole basis for the classification in both civil and criminal jurisdictions was the population. The classes created were two: the larger or superior jurisdiction was given to Justices' Courts in cities and counties, towns and townships having a population of 30,000 or more. The lesser or inferior jurisdiction was given to said courts in locations where the population is less than 30,000. For instance, in the former locations the jurisdiction in actions at law reaches to any cause where the value of the property in controversy is $1,000 or less; in the latter, where the value is $300 or less. The legislature as a part of the same plan also provided at the same time that the justices of the peace, presiding over courts in locations of the major classification, should be regularly licensed attorneys at law (Pol. Code, sec. 4185a).

The authority for this division of jurisdiction is supposed to be found in section 11a of article VI of the Constitution, adopted as a new section at the November election of 1928. This section reads as follows: "The legislature shall determine, according to population, the number and jurisdiction of each of the inferior courts in incorporated cities or towns wherein there is no municipal court, and in townships, counties or cities and counties, and the number of judges or justices thereof and their qualifications and compensation, and shall fix by law the powers, duties and responsibilities of each of such courts and of the judges or justices thereof; and may provide that the jurisdiction of such courts shall be exclusive."

Petitioner contends that this section of the Constitution should not be so construed as to authorize legislation of the character found in section 112 of the Code of Civil Procedure. ▮ Before discussing this question, however, we shall advert to a preliminary objection made by him, to wit: that inasmuch as the legislation in question did not provide the method of ascertaining the population of any township and inasmuch as no proceeding has been taken to ascertain it under section 4055 of the Political Code, the census of 1920 governs and judicial knowledge of that census discloses the fact that in the said San Bernardino township less than 30,000 population existed at that time; hence jurisdiction lies in the Superior Court. But, we have already held in *Los Angeles County* v. *Justice's Court*, 208 Cal. 429 [281 Pac. 611], that jurisdiction under the section in question depends upon the fact as to population and not upon any report or proclamation to that effect. (See, also, *People* v. *Wong Wang*, 92 Cal. 277 [28 Pac. 270].) ▮ Moreover, there is no allegation in the petitions that the required population for the enlarged jurisdiction did not exist at the time the amendment in question took effect. In fact, the 1930 census has been announced as of April 2, 1930, showing a population in said township largely in excess of the required number to confer the larger jurisdiction. The amendment in question took effect ninety-one days subsequent to May 15, 1929, only a short time prior to said census; hence there is no basis for the claim that the larger population did not exist at all times herein to be considered. In fact, in *People* v. *Justice's Court*, 102 Cal.

App. 675 [283 Pac. 854], a referee was appointed, who on December 17, 1929, submitted a report as of December 1, 1929, showing the population of said township to be in excess of 40,000.

Returning to the question of the validity of said section, petitioner urges that the classification made by it runs counter to various subdivisions of section 25, article IV, of the Constitution, prohibiting local or special laws, as well as sections 11 and 21 of article I thereof, enacted to accomplish a similar purpose. But as we construe section 11a, it was designed especially to permit the doing of just what section 112 purports to do and to permit this to be done notwithstanding the earlier provisions of the Constitution next above referred to. The presence of the word "jurisdiction" is entirely superfluous unless such meaning be given it, for it has always been the holding that the legislature could by general law create separate classes of inferior courts, such as Police and Justices' Courts. The claim, therefore, that this word indicates merely the power to make a classification of general as distinguished from a classification of the species itself cannot be adopted.

The legislature doubtless had in mind to make a decisive effort to relieve the congested condition of the calendars in both trial and appellate courts by creating Municipal Courts, extending their jurisdiction in many cases throughout the county of their location and by enlarging the jurisdiction of the Justices' Courts and providing an intermediate court of appeal beyond which causes in these latter courts might not go. It may be admitted that the putting into operation of this plan may work some inequalities and possibly some injustices, but the importance of the object to be attained seems to override these difficulties. In fact, we see no difficulties that may arise under this plan as to Justices' Courts that have not already arisen or may hereafter arise as to Municipal Courts. This class of legislation as to Municipal Courts has been uniformly sustained, and said section of the Constitution must clearly be held as the latest expression of the law-making power and to authorize classification of townships by population for the purpose of fixing jurisdiction. This is true even though it be granted that the statute would otherwise be invalid by reason of other provisions of the organic law.

■ The fact that certain causes arising within a county where there are both major and minor townships, where the appeal in the one would go to the Superior Court and in the other to the Supreme and Appellate Courts, cannot of itself be the basis of nullifying the plain provisions of this section. Neither can we nullify it because of the contention that the board of supervisors may, by a gerrymandering of township lines, raise or lower the jurisdiction of a Justice's Court of a township or cause in this same manner a court to lose jurisdiction of pending causes. In fact, we are unwilling to accord any such effect to the action of a board of supervisors or to the ebb and flow of population, and certainly not as to pending causes. (*In re Mitchell*, 120 Cal. 384, 392 [52 Pac. 799]; *Ex parte Fedderwitz*, 130 Cal. xviii [62 Pac. 935]; *Williams* v. *Board of Trustees*, 157 Cal. 711, 719 [109 Pac. 482].)

■ Neither do we discern insuperable difficulties because of the power granted in other provisions of the Constitution to cities, counties or cities and counties, to adopt freeholders' charters, which may provide for the number of justices in a township, the manner of their election or appointment and their compensation. Section 11a is but a reenactment of the old section 11 as to all subjects to which freeholders' charters may apply. The matter of fixing jurisdiction by the classification of Justices' Courts *inter se* on the basis of population is the only new subject introduced by the new section 11a. We do not see how the harmony that heretofore existed between the exercise of 'general power under the Constitution and the exercise of the special power arising from these provisions respecting freeholders' charters will be disturbed.

■ Petitioner makes the further point that inasmuch as the parties have submitted to the jurisdiction of the Superior Court, where the pleadings do not disclose lack of jurisdiction, it is not within the province of said court to refuse to entertain jurisdiction of the cause. But this question is settled by the fact that either the Superior Court has or has not jurisdiction and either the Justice's Court has or has not jurisdiction. If the Justice's Court has jurisdiction, that jurisdiction is exclusive. (Const., sec. 5, art. VI; *Green* v. *Superior Court*, 78 Cal. 556 [21 Pac. 307, 541]; *Application of Westenberg*, 167 Cal. 309 [139 Pac.

·674] ; *In re Luna,* 201 Cal. 405, 407 [257 Pac. 76].) Consent of the parties, of course, will not alone confer jurisdiction of a cause belonging exclusively in another court.

We appreciate the ability and earnestness with which counsel have urged their views upon the court, but we are unable to accord them controlling weight in the face of the plain language of the constitutional amendment.

Rehearing denied.