[Civ. No. 13744.  First Dist., Div. Two.  Apr. 22, 1948.]

NELLIE SWALL WRIGHT et al., Petitioners, v. THE SU-
PERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO et al., Respondents.

Earl C. Berger for Petitioners.

Jos. A. Brown and Harry Gottesfeld for Respondents.

DOOLING, J.—Petitioners herein both individually and as executrices of the last will of Ellen G. Swall, deceased, are defendants in an action pending in the Superior Court in and for the City and County of San Francisco, in which the respondent Mary Kaliterna is plaintiff. ■ The action is one for declaratory relief and for specific performance of an alleged agreement to execute a renewal lease covering a parcel of real property in Santa Clara County. The action was commenced in Santa Clara County against the decedent shortly before her death. Subsequently by order of the superior court in that county the petitioners herein as executrices were substituted as defendants. Later an order was made permitting the joinder of petitioners as defendant in their individual capacity. By stipulation of counsel the action was ordered transferred to the city and county of San Francisco for trial. The action has now gone to judgment in plaintiff's favor but findings were not filed until after the entry of judgment. We issued an alternative writ of prohibition, conceiving that it was still in the power of the trial court to correct this irregularity and that prohibition might for this reason lie if the court was, as alleged, acting in excess of its jurisdiction.

We have now concluded that the court has jurisdiction both of the parties and the subject matter and that the only remedy open to petitioners is by an appeal from the judgment. (21 Cal.Jur. 583.)

■ Petitioners' claim that the action is a local one triable only in Santa Clara County because the real property is located there is not tenable. The action was commenced in Santa Clara County which is all that the Constitution requires. (Cal. Const., art. VI, § 5.) The action having been commenced in the county wherein the real property is situated may subsequently be transferred to the superior court of another county for trial. (25 Cal.Jur. 862.)

■ The point that the court has no jurisdiction of the persons of petitioners as individuals is based on the claim that an action of this character may not be maintained at the same time against defendants both in their representative capacity as executrices and in their individual capacity. The objection

if good (a question that we need not decide) is not jurisdictional. There may be a misjoinder of parties or of causes of action but the court has jurisdiction of both. Its action in not dismissing petitioners as defendants in their individual capacity if error is error in the exercise of jurisdiction not properly reviewable on prohibition. (21 Cal.Jur. 584.)

■ Petitioners insist that the superior court is without jurisdiction over them as executrices of the will of the decedent because no claim was presented under Probate Code, section 709, which provides:

"If an action is pending against the decedent at the time of his death, the plaintiff must in like manner file his claim with the clerk or present it to the executor or administrator for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof is made of such filing or presentation."

This section is found in the same chapter and article providing generally for the presentation of claims against decedents' estates. It has been construed to take color from those other sections, so that a claim based upon an action pending against the decedent at the time of his death need only be filed if the action falls within the class that could not be commenced and prosecuted against the executor or administrator after the decedent's death without the presentation of a claim. (*Hibernia etc. Soc.* v. *Wackenreuder*, 99 Cal. 503, 506-508 [34 P. 219]; *Millar* v. *Millar*, 51 Cal.App. 718, 728-729 [197 P. 811].)

■ It is equally settled that the general provisions requiring the presentation of a claim against the estate of a decedent as a condition precedent to the maintenance of an action against the personal representative apply only to such causes of action as result from the debtor-creditor relation in which the claimant asserts the right to recover a money judgment. (11A Cal.Jur. p. 651.) The provisions of our present Probate Code requiring the presentation of claims against the estate of decedents find their origin in a statute "To Regulate the Settlement of the Estates of Deceased Persons" adopted in 1851. (Stats. 1851, p. 448, at 464 et seq.) The pattern laid down in that early statute in the matter of the presentation of claims against decedents' estates has been continued with remarkable consistency to the present day. In *Gray* v. *Palmer*, 9 Cal. 616 the court after an analysis of the provisions of the statute above cited concluded at page 636:

"It would seem to be clear, from the different sections of the act, taken and construed together, as well as from the nature and reason of the case, that the words *claimant* and *claim* are used as synonymous with *creditor* and *legal demand for money,* to be paid out of the estate."

This rule has been consistently followed for the 90 years which have passed since that decision was rendered, the latest judicial expression which we have found occurring in *Tanner* v. *Best,* 40 Cal.App.2d 442 [104 P.2d 1084], where the court says tersely at pages 445-446:

"A 'claim' refers to a debt due the claimant. (11A Cal. Jur. 485.) It is a money demand."

The relief claimed in the action here sought to be prohibited is not of that character and no claim was required to be filed or presented.

■ The jurisdiction to determine the rights of the plaintiff in the action below is not in the probate court. We recently had occasion to reaffirm the settled rule that the probate court has no jurisdiction to determine claims asserted by strangers to the estate. (*Estate of Kurt,* 83 Cal.App.2d 681, 683-684 [189 P.2d 528].)

Other claims of error in procedure are asserted by petitioners. We need notice them only to point out that they do not affect the jurisdiction of the superior court.

The alternative writ is discharged and the prayer for a peremptory writ is denied.

Nourse, P. J., and Goodell, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied June 17, 1948.