[Civ. No. 17898.   Second Dist., Div. Three.   Mar. 8, 1951.]

SHIRLEY D. SCHLYEN et al., Respondents, v. ALICE HARRIET SCHLYEN, Appellant.

Benjamin Elconin and Max Bergman for Appellant.

Samuel W. Blum for Respondents.

THE COURT.—Motion to dismiss appeal. The judgment from which an appeal was attempted annulled two joint tenancy deeds and restored and declared to be a part of the estate of David Schlyen, deceased, the real property described therein. It further ordered defendant and appellant, Alice Harriet Schlyen, to account for all rents, issues and

profits of the real property from October 5, 1948 and to turn over the same to the representative of the estate of said decedent. The judgment also provided: ". . . and the court, upon such accounting, shall grant such other and further relief and make such other and further order as may be just and proper in connection therewith. The above entitled court shall and hereby does retain and maintain continuing jurisdiction of the above entitled action, and of all of the parties hereto for all purposes in connection with such accounting, and the taking, the rendition, and the enforcement thereof, and to make such other and further order or orders in connection therewith as may be necessary and proper and to render a judgment in connection with such accounting."

■ The ground of the motion to dismiss is that the judgment was interlocutory and not final, and hence is not appealable. The motion should be granted. Further judicial action will be required in the ascertainment of the amount due, if any, upon a just accounting and in the rendition of a money judgment therefor. All matters determined by the judgment will be reviewable on appeal from a final judgment.when the same is entered. (*David* v. *Goodman,* 89 Cal.App.2d 162 [200 P.2d 568].)

The appeal is dismissed.

Appellant's petition for a hearing by the Supreme Court was denied May 3, 1951.