[L. A. No. 22534.   In Bank.   Aug. 31, 1954.]

SHIRLEY D. SCHLYEN et al., Appellants, v. ALICE HAR-
RIET SCHLYEN, Respondent.

Samuel W. Blum and M. Seaton Cohen for Appellants.

Benjamin Elconin and Max Bergman for Respondent.

SHENK, Acting C. J.—Plaintiffs appeal from a judgment of dismissal of an action wherein they seek the cancellation of two deeds, the restoration of the real property described therein to the estate of deceased David Schlyen and an accounting of the rents, issues and profits by the defendant.

The sole heirs of the deceased are the plaintiffs, who are his two minor children, and the defendant who was his third wife and is his widow. The deeds sought to be cancelled were executed by the deceased on May 28, 1948, for the

purpose of having title to two parcels of his separate property vested in himself and the defendant as joint tenants. He died on October 5, 1948. Thereafter the defendant filed a petition for the probate of a purported will of the deceased dated April 20, 1945, wherein she was named executrix and was given the entire estate with the exception of $1.00 bequeathed to each of the plaintiffs. The plaintiffs, through their mother as guardian *ad litem*, noticed their objections to the probate of the will and commenced a proceeding to contest it on the ground that it was improperly executed, that deceased was of unsound mind when it was executed, and that defendant had exercised undue influence on the mind of the deceased and was guilty of fraud in connection with the execution thereof.

Before the will contest was brought to trial the plaintiffs filed the complaint herein against the defendant in her individual capacity. It was alleged therein that the plaintiffs and the defendant are the only heirs of the decedent; that the deeds were the product of fraud and undue influence on the part of defendant; that the property described therein was a part of the estate of the decedent, and that subsequent to the commencement of the will contest the defendant had been appointed the special administratrix of the estate with general powers. The prayer was that the deeds be declared void; that it be decreed that the defendant holds title to the property "in trust for the heirs of the decedent, or the estate of the decedent," or that the defendant be compelled to reconvey the title to the property to the estate. Issues were joined by denials in the answer but there was no denial of the allegation that the defendant is the special administratrix of the estate and the court so found. The controversy therefore resolved itself into a contest between heirs of the estate and the personal representative thereof claiming title to the property of the estate in her individual capacity.

By stipulation of the parties the will contest and the action to cancel the deeds were consolidated for trial before a jury. The stipulation provided that the evidence introduced on behalf of the respective parties should be received in the trial of both causes of action so far as applicable; that separate verdicts and judgments should be rendered; that the verdict in the cancellation suit should be advisory only, and that the final determination therein should "be made by the court as in equitable actions." In accordance with the stipulation the causes were tried together. Separate verdicts were re-

turned each in favor of the plaintiffs. In the will contest the court entered a judgment on the verdict denying probate of the will. On appeal that judgment was affirmed. (*Estate of Schlyen* (July 26, 1951), 105 Cal.App.2d 648 [234 P.2d 211].)

In the equitable action the court made extensive findings of fact of its own but in accordance with the special verdict of the jury findings that the deeds were "induced and procured by fraud on the part of" the defendant. Conclusions of law and a judgment followed accordingly. The judgment provided among other things that the defendant account for all rents, issues and profits of the property between certain dates; that the court retain continuing jurisdiction of the accounting and make such other orders as might be necessary in connection therewith and render judgment accordingly. An appeal was taken from that judgment. On motion of the plaintiffs the appeal was dismissed on the ground that the judgment was interlocutory. (*Schlyen* v. *Schlyen* (1951), 102 Cal.App.2d 742 [228 P.2d 55].)

Thereafter the defendant noticed a motion in the trial court to dismiss the action on the ground that the court was wholly without jurisdiction to entertain the subject matter and that the "probate court" had exclusive jurisdiction thereof. The motion was granted. This appeal is from the judgment of dismissal.

The merits of the cause of action, of course, are not involved on this appeal. The main question concerns the jurisdiction of the court which tried the case to render any judgment therein under the facts and circumstances appearing in the record.

A preliminary point relates to the effect to be given the judgment of dismissal on the prior appeal in the case. It is argued in behalf of the plaintiffs that on that appeal the question of jurisdiction was necessarily involved and was determined to be in the court in which it was tried. This argument is based on the contention that the appellate court could not have held that the judgment providing for an accounting was interlocutory unless it also impliedly held that the court had the necessary jurisdiction to render a valid judgment of that nature. It is argued that a determination that the court in which the action was tried had jurisdiction is now the law of the case on the merits. To resolve this problem it is necessary to investigate the circumstances under which the prior appeal was dismissed.

Section 963 of the Code of Civil Procedure provides that

"An appeal may be taken from . . . a final judgment entered in an action. . . ." ▮ It is the general rule that an interlocutory judgment ordering an accounting is not final and not appealable. (*Hollar* v. *Saline Products, Inc.*, 3 Cal.2d 80 [43 P.2d 273], and cases therein cited; *McAllen* v. *Souza*, 7 Cal.App.2d 130 [45 P.2d 832].) In the present case the interlocutory character of the judgment clearly appears on its face. This is not now questioned by either party. ▮ It was unnecessary for the appellate court to inquire into the jurisdictional question involved and it did not do so. The sole question considered related to the appealability of the judgment. The District Court of Appeal stated: "The ground of the motion to dismiss is that the judgment was interlocutory and not final, and hence is not appealable. The motion should be granted. . . . All matters determined by the judgment will be reviewable on appeal from a final judgment when the same is entered." (*Schlyen* v. *Schlyen, supra*, 102 Cal.App.2d 742, 743.) The last statement referred to any final judgment thereafter to be entered. It is obvious that the appellate court could not determine any question other than appealability in passing on the motion to dismiss. In *Estate of Mailhebuau*, 201 Cal. 664 [258 P. 378], an appeal was taken from an order in probate, and it was contended, among other things, that the court in probate lacked jurisdiction to make the order appealed from. This court held that it could entertain only those appeals allowed by section 963 of the Code of Civil Procedure; that the order was nonappealable, and that even if it were void "nevertheless as long as it is an order in probate from which no appeal is provided, it will not be examined by this court to ascertain or declare its validity or invalidity." (See also *In re Seymour*, 15 Cal.App. 287 [114 P. 1023].)

While the plaintiffs now assert that the defendant put in issue the question of jurisdiction on the prior appeal, the record does not support such a contention. In her memorandum in opposition to the motion to dismiss that appeal the defendant stated, "Parenthetically, it may be noted that there is serious doubt as to the jurisdiction of the trial court over the entire subject matter of this action. . . . But the question whether the entire judgment is void is not now before the court. . . . The only question now before the court is whether judgment is interlocutory or final. . . ." Furthermore, at the oral argument in the appellate court on the motion to dismiss the appeal it appears that one of the justices

inquired whether there were any authorities to the effect that the court does not have jurisdiction in equity to try title as between an executor or administrator claiming the property in her individual capacity on the one hand and the estate on the other. Counsel for the defendant replied that he did not go into that question because that would affect the entirety of the judgment; that the question was whether it was an interlocutory or a final judgment, and that the time to argue the validity of the entire judgment would be on the main appeal. The fact that the jurisdictional question was thus discussed before the appellate court in no way settled the question of jurisdiction now presented. (*Aspegren & Co., Inc.* v. *Sherwood, Swan & Co.*, 199 Cal. 532, 537-538 [250 P. 400]; *Estate of Brewer*, 156 Cal. 89, 90 [103 P. 486]; *Brooks* v. *Calderwood*, 19 Cal. 124.)

In view of the foregoing it is apparent that the question whether the court which tried the case had jurisdiction of the subject matter was not decided on the prior appeal and any argument to the effect that such a determination is now the law of the case is of no avail. There remains the basic question of the propriety of the judgment of dismissal of the action on its merits.

The importance of the problem presented requires a re-examination of the law on the subject. Considerable confusion has arisen because of the reference in many of the cases since 1879 to the "probate court" as if it were a court apart from the superior court. This is not correct under the present law, as will be seen by an examination of past and present constitutional provisions on the subject.

The Constitution of 1849 as originally adopted provided in section 1 of article VI that: "The judicial power of this State shall be vested in a Supreme Court, in District Courts, in County Courts, and in Justices of the Peace. . . ." (Stats. 1850, p. 30.) Section 8 of that article provided for the election in each county of the state of a "County Judge" who "shall hold the County Court, and perform the duties of Surrogate, or Probate Judge." (Stats. 1850, p. 31.) The amendment in 1862 of section 1 added "Probate Courts" to the courts in which the judicial power of the state should be vested. (Stats. 1862, p. 583.) In that year section 8 was also amended to provide that "The County Judges shall also hold, in their several counties, Probate Courts, and perform such duties as Probate Judges as may be prescribed by law" and section 9 was amended to provide that "Probate

Courts . . . shall be Courts of record." (Stats. 1862, p. 584.)

In the Constitution of 1879 section 1 of article VI was made to read: "The judicial power of the State shall vest in the Senate sitting as a Court of Impeachment, in a Supreme Court, Superior Courts, Justices of the Peace . . .." (Stats. 1880, p. xxx.) By that constitutional provision "Probate Courts" as they existed under the Constitution of 1849, as amended in 1862, were discontinued and as such ceased to exist.

The Constitution of 1879 provided that the original jurisdiction of the superior court should include "all matters of probate." (Art. VI, § 5, Stats. 1880, p. xxxi.) The same provision was carried forward in the amendments of that section in 1911 (Stats. 1911, p. xxix) and 1924 (Stats. 1925, p. xxii). In the amendment of that section in 1928 the words "of all matters of probate" were omitted and in lieu thereof there was inserted the phrase: "and of all such special cases and proceedings as are not otherwise provided for. . . ." (Stats. 1929, p. xxiv.)

It thus appears that the present Constitution omits all reference to a probate court or probate matters as such, although in section 4 of article VI it continues to recognize the existence of such matters, for it states that the "Supreme Court shall have appellate jurisdiction on appeal from the superior court . . . in all such probate matters as may be provided by law. . . ." So it is readily seen that since 1879 there has been no "Probate Court" as such. This conclusion is further fortified by a consideration of other provisions of our present Constitution. It is provided in section 6 of article VI that there shall be one superior court in each of the counties of the state and at least one judge of that court. The Legislature is given the power by section 9 to increase the number of such judges but it remains one court with as many sessions or departments of the court "as there are judges elected, appointed, or assigned thereto." (Art. VI, § 6.)

As to the jurisdiction generally of the superior court, section 5 of article VI provides that "The superior courts shall have original jurisdiction in all civil cases and proceedings (except . . . cases and proceedings in which jurisdiction is or shall be given by law to municipal or to justices or other inferior courts) ; in all criminal cases amounting to

felony, and cases of misdemeanor not otherwise provided for; . . .."

The Constitution recognizes that there is jurisdiction in the superior court of cases in law and in equity and as stated that there are matters in probate in that court which may be subject to appeal to the Supreme Court. (Art. VI, § 4.) However, that instrument, with few exceptions, does not undertake to prescribe the procedure to govern the superior court in the exercise of its constitutional jurisdiction.

One exception is contained in section 5 of article VI where it is provided that "all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions, is situated." This exception first appeared in the Constitution of 1879. However, it is not required that the designated actions be tried in the county in which the real estate is situated. (*Duffy* v. *Duffy,* 104 Cal. 602, 604 [38 P. 443]; *Hancock* v. *Burton,* 61 Cal. 70; *Wright* v. *Superior Court,* 85 Cal.App.2d 151, 152 [192 P.2d 511].) It may be noted that prior to 1879 and at least as early as 1872 section 392 of the Code of Civil Procedure provided that actions for the recovery of real property or of an estate or interest therein or for the determination in any form of such right or interest must be tried in the county in which the subject of the action or some part thereof is situated, "subject to the power of the Court to change the place of trial as provided in this Code." (Code Civ. Proc., 1872.) Section 397 of that code provided that the court may, on motion, change the place of trial when "the county designated in the complaint is not the proper county."

There may be other exceptions as to procedure reserved in the Constitution, but generally speaking, matters of procedure have been left to the Legislature. (*Millholen* v. *Riley,* 211 Cal. 29, 34 [293 P. 69].) With elaboration that body has so acted by adoption of code provisions and other statutes on the subject. But in so doing the Legislature could not, of course, deprive the superior court of its constitutional jurisdiction. (*Chinn* v. *Superior Court,* 156 Cal. 478, 480 [105 P. 580].) And it has not attempted to do so, for nowhere in the codes or other statutes so far as we are advised has it sought to establish a probate court as such or to deprive the superior court of its jurisdiction in probate.

The Probate Code correctly refers to the superior court

as the court in which probate matters are to be disposed of, and nowhere refers to a probate court as such. By the Constitution the superior court has jurisdiction in civil matters.

Probate matters are civil in their nature, and the superior court in exercising its jurisdiction therefore does so as a superior court and as such it has the right to exercise its inherent equitable functions. (*Estate of Cover,* 188 Cal. 133, 139 [204 P. 583]; *In re Burton,* 93 Cal. 459, 463 [29 P. 36]; see also cases collected in *Bennett* v. *Forrest,* 24 Cal.2d 485 at pp. 491-492 [150 P.2d 416].)

Reasonable rules, regulations and procedures governing the superior court in the exercise of its jurisdiction have been provided. The commencement, prosecution and trial of so-called law cases have special rules applicable thereto. The same is true of cases in equity, in criminal cases, in cases in the juvenile court, and in numerous other matters. In the exercise of its jurisdiction, the superior court is not required to convene as a special court in each class of cases, with the conspicuous exception of the juvenile court which by legislative enactment (Welf. & Inst. Code, §§ 571, 573), convenes as a specially designated juvenile court within the jurisdiction of the superior court.

In a one-judge county the court entertains and disposes of probate cases as a superior court. The judge in such a county is not required to adjourn as a court exercising general jurisdiction and to reconvene as a probate court in order to dispose of matters in probate. He disposes of them on his calendar along with other cases, applying of necessity the rules of procedure especially applicable to probate cases.

In counties having two superior court judges probate proceedings are usually entertained and determined in accordance with the mutual convenience of the judges who likewise apply to such matters the rules and regulations applicable in probate practice.

In counties where there are more than two judges there is a presiding judge whose duty it is to distribute the business of the court among the judges and to prescribe the order of business. (Const., art. VI, § 7.) There may be at least one department of that superior court devoted largely if not exclusively to the handling of probate matters. Such a department is established generally by court rule or by special order of court. When so designated probate matters usually go by court rule to that department. But that does not mean that a probate matter, a will contest, for example,

may not by order of the presiding judge or other appropriate court order be transferred for trial from the probate department to a department of the court normally exercising general jurisdiction. In this connection it may be noted that when so transferred for trial a will contest does not lose its identity as a part of the probate proceedings. As applied to the present case that observation adds merit to the suggestion that when this action was consolidated with the will contest it assumed its proper place in the probate proceedings—a result which the defendant claims should have been accomplished in the first instance. However, this decision involves the basic question whether the superior court in the exercise of its general jurisdiction had jurisdiction of the subject matter of this action. █ It must be conceded that it is within the traditional equity power of the superior court to declare a written instrument void because of fraud and undue influence inducing its execution. This is an action of that nature and it was certainly understood by the parties to be such an action when they provided in their stipulation that the verdict should be advisory only. It was so understood by the trial court in making its own findings of fact and conclusions of law. █ Indeed, the verdict was advisory only as a matter of law because, being an equity case, a jury was available to neither party as a matter of right. It must now likewise be deemed such an action and triable in the superior court in the exercise of its general equity jurisdiction unless, under the decisions of this court, it must be tried exclusively as a part of the proceedings for the probate of the estate, as the defendant contends. The plaintiffs concede that the court in probate had jurisdiction to decide cases of this kind but insist that such jurisdiction was not exclusive.

█ It is established by the case law of this state that the superior court acting in the exercise of its probate jurisdiction is without power to try title to property asserted by a stranger to the estate as against the estate. (*Estate of Dabney* (1951), 37 Cal.2d 672 [234 P.2d 962], and cases there cited.) Such actions are triable by the court in the exercise of its general jurisdiction. █ It is likewise established that when title to property of an estate is claimed by heirs or other beneficiaries of the estate to belong to the estate and is also claimed by the representative of the estate to belong to him in his individual capacity the superior court, sitting in probate, has jurisdiction over the controversy.

(*Estate of Roach* (1929), 208 Cal. 394 [281 P. 607] ; *Bauer* v. *Bauer* (1927), 201 Cal. 267 [256 P. 820] ; *Estate of Fulton,* 188 Cal. 489 [205 P. 681] ; *Stevens* v. *Superior Court,* 155 Cal. 148 [99 P. 512] ; see Prob. Code, § 581.) The reasons for the latter rule run through the numerous cases on the subject and are many. The determination of such a controversy is an incident to the proper settlement of the estate. (*Stevens* v. *Superior Court, supra,* 155 Cal. 148.) All of the parties to the proceeding are in privity with the estate and it is their distributive rights that are affected by the proceeding in probate. ▆▆ If the personal representative is improperly claiming property to which the estate is entitled the court may try the issue and surcharge his account for purposes of distribution. A judgment outside of probate would be binding only on the parties thereto, whereas if the matter be determined in the probate proceedings the judgment would be ''conclusive against all persons interested in the estate. . . .'' (Prob. Code, § 931.) It is because of the foregoing and perhaps other reasons that the courts have said that a controversy of this nature should be adjudicated in probate. ▆▆ It is certainly true that the court in a probate proceeding is concerned with the settlement of the estate and not with controversies between the estate and strangers, the adjudication of which is the function of the court in the exercise of its general jurisdiction.

The general rules for the proper proceeding for the determination of actions of this nature are stated in *Bauer* v. *Bauer, supra,* 201 Cal. 267. There the plaintiffs were legatees under the will of Emile Bauer, deceased, and brought their action in behalf of the estate against the defendant Lily M. Bauer, who was executrix of his will and claiming title to property under a deed executed by the deceased to her as the named grantee. The plaintiffs claimed that she recorded the deed without delivery or other authorization. The controversy was therefore one involving title to property between the plaintiffs as legatees under the will and the personal representative of the estate claiming title in her individual capacity. The action was in equity to have it declared that the proceeds of the property were held by Lily in trust for the plaintiffs and the estate. Lily demurred on the ground, among others, that there was another action pending between the parties, to wit, the proceeding in probate to settle the affairs of the estate and that the court in which the action was pending, namely the superior court exercising general equity powers,

had no jurisdiction of the subject matter of the action, and also asserting that the ''exclusive'' jurisdiction of the same rested in probate. One of the grounds of demurrer provided for in section 430 of the Code of Civil Procedure is ''That there is another action pending between the same parties for the same cause.'' The demurrer was sustained without leave to amend. On appeal this court stated on page 271 as follows: '' 'The main question presented upon this appeal is as to whether the court had jurisdiction of the subject matter of the action, for the reason that there was pending in the probate court the proceedings for the administration of the estate of Emile Bauer, deceased, and that this being so, the probate court was the proper forum for the presentation and determination of the issues sought to be tried in this action.' '' Continuing on page 272 the court concluded: '' 'We think there can be no doubt that the superior court, sitting in probate, has jurisdiction to determine as against an executor the amount of money or property of the estate that has come into his hands, for the purpose of charging him therewith, and in determining that question to determine all issues necessarily incidental thereto.' ''

The inclusion of the word ''exclusive'' in stating the grounds of demurrer in the Bauer case and the repetition of that word in the syllabus as a determination of the court was unfortunate and has resulted in considerable confusion in the practice in cases of this kind. Similarly in *Estate of Roach, supra,* 208 Cal. 394, it was first correctly held in accordance with established law that the court sitting in probate had jurisdiction to determine a controversy between an heir and the administratrix of the estate concerning title to property claimed by the latter in her individual capacity. But in commenting on the holding in the Bauer case it was stated at pages 396 and 397: ''The necessary effect of the above decision, in dismissing said proceeding in equity, is to vest in the probate court exclusive jurisdiction to hear and determine issues of this character.'' This broad language obviously misstated the effect of the decision in the Bauer case. Furthermore, that language was unnecessary to the decision in the Roach case for the reason that the controversy in that case was from the beginning in the probate proceedings, where it rightly belonged. That decision stands for nothing more than that the court had jurisdiction in probate to determine the issue and that the proffered but excluded evidence was admissible for that purpose in the probate pro-

ceeding. The decision in the Bauer case did not hold that the court in probate had "exclusive" jurisdiction in cases such as this. As noted, the statement in the syllabus in that case was taken from the recited grounds of the demurrer. It was not an adjudication to that effect and should be disregarded. To the extent that the broad language referred to in the Roach case is inconsistent with our holding in the present case, it is overruled.

It is observed that this court in the Bauer and Roach cases referred to the trial court as the "probate court" when in fact there was then no "probate court" established by the law of this state as a separate court. As previously indicated, the Constitution from 1862 to 1879 provided for such a separate court. Between those dates it was entirely proper to refer in the decisions to the trial court as the "Probate Court." This was done in the case of *Theller* v. *Such,* 57 Cal. 447. The question there involved arose in that case upon the death of the decedent in 1872 when the constitutional amendment of 1862 was in effect, and a reference to the trial court as the "Probate Court" was correct. The appeal was not decided by this court until 1881 and the reference in the syllabus to the "late Probate Courts" is significant. ■ Notwithstanding the abolition of "Probate Courts" as such by the Constitution of 1879 this court continued thereafter to refer to the superior court sitting in probate as the "probate court," thus implying at least that it is a separate and distinct court of the state, which it is not. Such a reference has been employed by the reviewing courts of this state in cases too numerous to mention and is, of course, inaccurate. But no harm is done where it is understood that such reference is to the superior court sitting in the exercise of its probate jurisdiction. It may then be considered to be no more than a convenient way of conveying the idea of the court exercising a particular function. Such expressions are colloquially used when reference is often made to the "Domestic Relations Court," the "Divorce Court," the "Criminal Court," the "Traffic Court," and so on. But such expressions do not, of course, give those courts official status as separate courts and it should be so understood.

■ The rule is well recognized that in cases where a court is wholly lacking in jurisdiction of the subject matter of an action, jurisdiction may not be conferred by consent, waiver, agreement, acquiescence or estoppel. (*Sampsell* v. *Superior Court,* 32 Cal.2d 763, 773 [197 P.2d 739]; *Fong*

*Chuck* v. *Chin Po Foon,* 29 Cal.2d 552, 554 [176 P.2d 705] ; *Shipp* v. *Superior Court,* 209 Cal. 671, 677 [289 P. 825] ; *Harrington* v. *Superior Court,* 194 Cal. 185, 188 [228 P. 15].) In such cases the remedy prior to legislation adopted in 1951 was usually by proceedings for the dismissal of the action for want of jurisdiction. Effective January 1, 1952, the new plan for the reorganization of certain courts became operative. One of the results of that legislation is to authorize a court having no jurisdiction of the subject matter of an action commenced therein to transfer it to the court having jurisdiction, if there be one. (Code Civ. Proc., § 396, as then amended, Stats. 1951, vol. 1, pp. 2385-2386.) Even prior to the effective date of the 1951 legislation the superior court under section 397 of the Code of Civil Procedure had the power, on motion, to change the place of trial in certain cases including those where ''the court designated in the complaint is not the proper court.'' ▮▮▮ In the present case the real property is in the county in which the probate proceedings are pending. If it had been in another county this action would necessarily have been *commenced* in the county where it is situated, in accordance with the mandate of section 5 of article VI of the Constitution and section 392 of the Code of Civil Procedure, but since the constitutional provision does not require that the action be *tried* in the county in which the land is situated (*Duffy* v. *Duffy, supra,* 104 Cal. 602; *Hancock* v. *Burton, supra,* 61 Cal. 70), it could, upon a proper showing, be transferred under section 396 to the court in the county in which the probate of the estate of which the land is a part is pending.

In considering the question whether the order of dismissal of the present action was the proper disposition of this case, it may very pertinently be asked: If an order of dismissal was a proper order in the Bauer case why was it not also appropriate in the present case? The answer rests in the field of procedure. In the Bauer case there was a demurrer on the ground of another action pending. The order sustaining the demurrer was nonappealable. In order to test the validity of the order it was necessary for the purposes of an appeal that there be a judgment of dismissal which would be appealable. In the present case there was no comparable situation. There was no demurrer. The order of dismissal was made pursuant to a motion to dismiss on the ground of lack of jurisdiction of the subject matter of the action. The notice of this motion was filed on December

3, 1951, 29 days before January 1, 1952, the effective date of the court reorganization legislation. If this action had been commenced after January 1, 1952, and it appeared by appropriate order and showing that the court was without jurisdiction of the subject matter, the court could have transferred the cause to the proper court for disposition. But it is not necessary to seek to apply the new rule of procedure to this case for the reason that here we have a case where the superior court in which the action is pending had jurisdiction of the subject matter of the action either as a case to be disposed of in the exercise of its equity jurisdiction or to be adjudicated in the probate proceeding pending in the same court, depending on the circumstances existing at the time the motion to dismiss was made. ██ Where the superior court has jurisdiction over the particular class of cases in question it is the established rule that if no objection on the ground of another action pending or other appropriate objection be timely made it is deemed to be' waived. (*Estate of Dombrowski*, 163 Cal. 290, 297 [125 P. 233] ; *Estate of Latour*, 140 Cal. 414, 425-426 [73 P. 1070, 74 P. 441].) The latter rule has been applied to proceedings in a court exercising general jurisdiction where a party has failed to interpose a timely objection on the ground that the issues should not be determined in the pending action. (*Simons* v. *Bedell* (1898), 122 Cal. 341 [55 P. 3, 68 Am.St.Rep. 35] ; *Miller* v. *Forster* (1933), 131 Cal.App. 509 [21 P.2d 678].) In the Simons case it is stated at page 346: ''The question was not presented by the demurrer, nor was it argued in the briefs as to the right of plaintiff to go into a court of equity to determine who is entitled to distribution—a question which it seems to us was clearly within 'the powers of and should have been determined by the court sitting in probate. (*Siddall* v. *Harrison*, 73 Cal. 560 [15 P. 130].) We are not prepared to say, however, that the court was without jurisdiction, and as all parties seem to have treated the matter as properly brought before the court we shall so treat it.''

██ Section 396b of the Code of Civil Procedure prescribes a ground for waiver which might well be here applied. It is there provided that if the court in which an action is commenced is not the proper court for the trial thereof the action may notwithstanding be tried therein ''unless the defendant, at the time he answers or demurs, files . . . an affidavit of merits and notice of motion for an order transferring the action or proceeding to the proper court. . . .''

Here the defendant failed to raise the question by answer, demurrer, motion or otherwise prior to trial or prior to an appeal and a dismissal on the ground the judgment was not appealable. She engaged in a lengthy trial without making her present contention. She took her chances on a favorable decision in the trial court and first raised the point after an appeal, the result of which shows that the case had been tried, findings of fact and conclusions of law had been made and filed and a judgment, although interlocutory, had been entered. (*Schleyn* v. *Schleyn, supra,* 102 Cal.App.2d 742.) Under these circumstances it clearly appears without dispute that she had waived her objections.

From the foregoing it is concluded: (1) that the superior court has general jurisdiction in equity cases such as the present one; (2) that in the absence of a demurrer answer, motion or other timely objection on the ground that the issues involved should be tried in probate, the superior court may adjudicate those issues with the same force and effect as if the objection had not been made; (3) that when as here the issues pertain only to the rights of parties in privity with the estate and do not involve the rights of third parties or strangers to the estate the superior court sitting in probate has jurisdiction and should adjudicate them, but that such jurisdiction is not exclusive, depending on the facts of the particular case and may be waived; (4) that under the undisputed facts of this case the defendant did not timely interpose her objection to the trial of the issues by the superior court sitting in the exercise of its general equity jurisdiction and therefore waived the objection, and (5) that when such objection is timely made the trial court should not dismiss the action but should try it as a matter in probate to the end that property wrongfully claimed by the representative of the estate be included in the assets of the estate.

The judgment is reversed.

Edmonds, J., Carter, J., Traynor, J., Schauer, J., Spence. J., and Bray, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.