[Civ. No. 23022. Second Dist., Div. Two. Apr. 18, 1958.]

IRVING KING et al., Respondents, v. GEORGE E. GOLDBERG, Appellant.

Low & Stone and Albert G. Bergman for Appellant.

Buchalter, Nemer, Coyle & Cooper, Leon Savitch and Joseph Weissman for Respondents.

ASHBURN, J.—Motion to dismiss appeal from judgment. Plaintiffs sued defendant Goldberg and five other defendants in a four-count complaint upon causes of action growing out of alleged wrongful eviction of plaintiffs from certain premises which they held as lessees. By the time the jury's verdict was rendered the cause had been narrowed, by orders not challenged herein, to the first two counts of the complaint, to proceed against defendant Goldberg only.

The first count sought recovery of a $40,000 deposit made by plaintiffs' predecessor as security for the rents, and the second prayed for damages for wrongful eviction. The trial judge directed a verdict for plaintiffs upon the first count and the jury rendered verdict thereon in said sum of $40,000. Upon the second count the jury found for plaintiffs and awarded actual damages of $95,000 and exemplary damages in the sum of $5,000. The clerk entered judgment in the same form.

Upon motion for new trial the judge conditionally denied same as to the first count, the condition was duly performed by plaintiffs and counsel agree that the denial of new trial as to that count thereupon became effective (36 Cal.Jur.2d, § 175, p. 392.) As to the second count the court granted the

motion for new trial upon the sole issue of damages, expressly declaring the evidence to be insufficient to sustain the verdict.

Thereupon the defendant appealed from the judgment. No attempt was made to appeal from the order granting a partial new trial. The case has not been retried. Respondents move to dismiss upon the ground that there is no final judgment from which an appeal will lie.

Preliminarily it is to be noted that both counts of the complaint seek relief based upon wrongful eviction of the tenant, and to that extent there was a splitting of a single cause of action. The trial judge has found in effect that defendant is liable upon both counts and the only issue thrown open for retrial is that of the amount of damages.

In this aspect of the case, considering the two counts as stating a single cause of action, the case is governed by *Universal Film Mfg. Co.* v. *Kerrigan*, 47 Cal.App. 255 [190 P. 475]. The trial court granted a new trial upon the issue of damages and denied it as to all other issues. Defendant undertook to appeal "from the whole of the said judgment, except the part and portion thereof vacated by the order of the said court in granting in part defendant's motion for a new trial," etc. The court of its own motion dismissed the appeal because of absence of an appealable judgment, saying in part (p. 256): "The order for retrial of the issue as to amount of damages necessarily set aside the judgment. This is an action at law, wherein the judgment is single and indivisible, for it consists of only the one order that the plaintiff recover from the defendant so much money. Taking out that recovery, nothing effective as a judgment remains in existence." At page 257: "But it is a necessary incident to the finality of the order, to the extent that it provided for a new trial, that the whole judgment was set aside, because the specified issue could not be tried after judgment and while the judgment remained in force.

"It is true that certain findings of fact have been left undisturbed. When the issue selected for retrial has been tried, and findings thereon have been made, and a new judgment entered, the appeal, if any be taken, will come as an appeal from that judgment, and may include a review of the entire record."

In dismissing an appeal taken under circumstances similar to those at bar the Supreme Court said, in *Mather* v. *Mather*, 5 Cal.2d 617, 618 [55 P.2d 1174]: "It is evident that the

cause was attempted to be disposed of piecemeal—that a single object, although stated in several counts, was sought to be attained by the action, and that this single and unseverable object was arbitrarily attempted to be split up as the basis for two distinct judgments. It is at once apparent that no *final* judgment was entered in the action until March 14, 1935. The judgment of January 4, 1935, was not a final judgment and is not appealable under the terms of section 963 of the Code of Civil Procedure, or otherwise.''

The Universal Film rule, *supra*, applies equally to a complaint which states several different causes of action in as many separate counts. The basic principle is that there can be but one judgment between the same parties in a single action.

*Bank of America* v. *Superior Court*, 20 Cal.2d 697, 701 [128 P.2d 357] : ''These arguments are all predicated upon a fundamental fallacy. They assume that there can be a piecemeal disposition of the several counts of a complaint. They assume, when there is more than one count in a complaint, and a demurrer is interposed and sustained, and a judgment of dismissal entered, that there are as many separate judgments as there are counts in the complaint. That is not the law. There cannot be a separate judgment as to one count in a complaint containing several counts. On the contrary, there can be but one judgment in an action no matter how many counts the complaint contains.''

*Greenfield* v. *Mather*, 14 Cal.2d 228, 233 [93 P.2d 100]. Referring to *Mather* v. *Mather*, *supra*, the court said: ''The above recital of proceedings had in the prior action demonstrates the error of the trial court's conclusion in the present cause that the judgment of March 14, 1935, was a final judgment. Obviously that judgment was in no better position than the judgment of January 4th. It disposed of the first two counts of the complaint, whereas the latter judgment disposed of the third count thereof. The reasoning which this court employed in determining the character of the one judgment (*Mather* v. *Mather*, *supra*), is equally applicable to fix the character of the other.

''The fact that the judgment of March 14th was the second judgment to be entered did not cloak it with finality because it did not purport to embrace a final disposition of the entire cause. By express terms it was confined to only counts one and two, and erroneously failed to include a recital with respect to the disposition of count three. It did not affect count three. The appeal from the purported judgment on that

count was pending; that purported judgment, being void, was in effect no judgment. Therefore, if count three in fact stated a cause of action, that cause remained pending in the trial court after the entry of the judgment on counts one and two.''

*Murphy* v. *Fong Shuck,* 151 Cal.App.2d 64 [311 P.2d 80]. The complaint in this case consisted of 12 counts. Nonsuit was granted as to all but three of them. The clerk's minute order granting nonsuits made no mention of the other three counts and the judgment which was rendered upon the latter after trial by jury did not refer to the nonsuits. On motion to dismiss an appeal from the order granting nonsuits because there was no final and appealable judgment, the court said, at page 69: ''The document entitled 'Judgment' and filed July 13, 1955, is not a final judgment. It did not purport to embrace a final disposition of the entire cause. By its express terms, it was confined to the three counts that had been submitted to the jury. It erroneously failed to include a recital with respect to the disposition of the other counts as to which nonsuits had been granted. Being so expressly confined to mere recitals of the jury action upon the three counts submitted to the jury and not purporting to make disposition of the counts that had been subject to nonsuit, it cannot be held to have affected those counts.'' At page 70: ''What we have said concerning the purported 'Judgment' following the jury verdicts applies to the order granting nonsuit as entered in the clerk's minute book, for it, too, does not purport to be a final judgment nor did it end the suit in the court in which it was entered.'' At page 71: ''Basic to every count in the complaint was the charge of breach of contract, and the gravamen of that charge was the failure to live up to the wage scale. Such a case cannot be determined in the manner here attempted. Neither the nonsuit orders nor the jury verdicts recited in the 'Judgment' can be considered as final judgments. To do so would permit piecemeal disposition of the action, with multiple appeals, in violation of the rule of final judgment on appeal as expressed in the statute. For the reasons given, we hold there has been no final judgment in this action.'' To the same effect, see *Bank of America* v. *Lamb Finance Co.,* 145 Cal.App.2d 702, 715 [303 P.2d 86]; *Vallera* v. *Vallera,* 64 Cal.App.2d 266, 270 [148 P.2d 694]; 3 Cal.Jur.2d, section 40, page 455.

The cited authorities require a holding that there is no appealable judgment in the case at bar.

Appellant requests that in case of dismissal of the ap-

peal same be made without prejudice pursuant to section 955, Code of Civil Procedure,[1] "so that Appellant will not be prejudiced and will be permitted to file an appeal at the appropriate time." The section is not applicable; it is designed to preserve the right to a new appeal from the judgment or order subjected to dismissal,—in this case a judgment which is not final. ▪ It follows as a matter of course that the rulings sought to be canvassed upon this abortive appeal may be reviewed upon appeal from the judgment entered after final determination of the cause. (*Schlyen* v. *Schlyen*, 102 Cal.App.2d 742, 743 [228 P.2d 55] ; *Schlyen* v. *Schlyen*, 43 Cal.2d 361, 367 [273 P.2d 897] ; *David* v. *Goodman*, 89 Cal.App.2d 162, 170-171 [200 P.2d 568] ; *Squire's Dept. Store, Inc.* v. *Dudum*, 115 Cal.App.2d 320, 331 [252 P.2d 418].) The judgment entered after retrial of the issue of damages should be in such form as to dispose of all issues on both counts of the complaint.

Appellant also asks that this court, in event of dismissal, order an exoneration of his $42,000 stay bond on appeal. That is a matter for the superior court. We have no such bond here. We assume it was given pursuant to section 942, Code of Civil Procedure, and covers costs incident to the dismissal of the appeal.

Appeal dismissed.

Fox, P. J., and Herndon, J., concurred.

---

[1]Code Civ. Proc., § 955: "The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal."